UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:08-CV-149-RJC-DCK

| | |
|---|---|
| DIAGNOSTIC DEVICES, INC., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| PHARMA SUPPLY, INC. et al, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion to Consolidate" (Document No. 49) the above-captioned case with the separate civil action *Diagnostic Devices, Inc. v. Taidoc Technology Corp.*, Case No. 3:08-cv-559-RJC-DCK. The motion became ripe for consideration on July 21, 2009 and has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). Having fully considered the record, including the parties' briefs (Document Nos. 49, 50, 58, 66), the undersigned will **deny** the motion for the reasons already stated by separate order in Case No. 3:08-cv-559-RJC-DCK.

One additional issue bears comment. In their response, the Defendants urge this Court to hold a consolidated hearing on the issue of whether this case must be dismissed for lack of diversity jurisdiction and whether DDI has standing to proceed. Defendants have submitted detailed information obtained from a federal bankruptcy case in Florida, indicating that "DDI" involves two separate corporations, one in Florida and one in North Carolina, thus bringing diversity jurisdiction into question. (Document No. 55, pp. 3-7). Defendants contend that Plaintiff has willfully concealed this information. (Document No. 66, p. 2). The question of diversity jurisdiction in the

present case is not a matter for consolidation. The issue of diversity of citizenship in the two cases must be determined separately (as even consolidated cases retain their separate identities). *See C.L. Ritter Lumber Co., Inc. v. Consolidation Coal Co.*, 283 F.3d 226, 229 (4th Cir. 2002); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 166-67 (4th Cir. 2001); *Cella v. Togum Constructeur Ensemleier en Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir.1999) (stating that, to determine whether complete diversity exists, courts must examine consolidated cases separately); 33 Fed. Proc., L. Ed. § 77:50.

To the extent the Defendants have embedded a motion to dismiss in their response brief, counsel's attention is drawn to Local Civil Rule 7.1 (C)(2), which provides that "[m]otions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading." L.Cv.R. (C)(2). Of course, the Defendants are free to file such further separate motions as they wish. The undersigned expresses no opinion at this time regarding the issue of diversity jurisdiction.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Consolidate" (Document No. 49) is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 25, 2009

David C. Keesler
United States Magistrate Judge