UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-149-RJC-DSC

| | | |
|---|---|---|
| DIAGNOSTIC DEVICES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PHARMA SUPPLY, INC., et al., | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant Frank Suess's Motion to Dismiss (Doc. No. 4), Plaintiff's Response (Doc. No. 15), and Defendant Suess's Reply (Doc. No. 21). The Magistrate Judge issued a memorandum and recommendation (M&R), recommending that the motion to dismiss be granted in part and denied in part. (Doc. No. 24). Defendant Suess objected to the M&R (Doc. No. 55) and Plaintiff replied (Doc. No. 56). For the following reasons, the Court affirms the Magistrate Judge's M&R and grants in part and denies in part the Defendant's Motion to Dismiss.

I.   BACKGROUND

On March 5, 2008, Plaintiff Diagnostic Devices ("DDI") filed a complaint against five Defendants: (1) Pharma Supply, Inc. ("Pharma"); (2) National Home Respiratory Services, Inc. d/b/a Diabetic Support Program; (3) Frank P. Suess; (4) Diabetic Supply of Suncoast, Inc. ("Diabetic Supply"); and (5) Dan Dennis. Suess is a corporate officer of Pharma and Diabetic Support Program. Dennis is a corporate officer of Diabetic Supply.

DDI brought claims for tortious interference with contract, tortious interference with prospective economic advantage, unfair competition, defamation, and slander per se. On April 4,

1

2008, Suess moved to dismiss the claims pursuant to Rules 12(b)(2) and 12(b)(6). Suess later stipulated to personal jurisdiction and, with the consent of DDI, asked to amend his motion to dismiss in order to withdraw his Rule 12(b)(2) motion. The Magistrate Judge issued an M&R on the remaining 12(b)(6) motion. The M&R recommends (1) granting the motion to dismiss as to the tortious interference with contract claim against Suess (2) and denying the motion to dismiss as to the remaining claims. Suess objected, DDI replied, and the matter is now ripe for review.

## II.   STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983); Keeler v. Pea, 782 F.Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

Suess objects to the Magistrate Judge's failure to apply corporate immunity to the four remaining claims against Suess: tortious interference with prospective economic advantage, unfair and deceptive trade practice ("UDTP"), defamation, and slander per se. The objection states, "Nowhere is it alleged, nor could it be alleged, that he was acting personally rather than on behalf of the corporation, and hence dismissal is, respectfully, warranted in full." (Doc. No. 55 at 11).

In North Carolina, "an officer of a corporation is not liable for the torts of the corporation merely by virtue of his office." Wolfe v. Wilmington Shipyard, Inc., 522 S.E.2d 306, 312-13 (N.C. Ct. App. 1999) (citations and internal quotation marks omitted). However, if an officer "actively participates" in a tort, he may be personally liable even though he was acting in his corporate capacity. Id. at 313; see also United Artists Records, Inc. v. E. Tape Corp., 198 S.E.2d 452, 457 (N.C. Ct. App. 1973) (explaining that an officer of a corporation is "liable in damages for injuries suffered by third persons because of his own torts, regardless of whether he acted on his own account or on behalf of the corporation").

### A. Tortious Interference with Prospective Economic Advantage

To state a claim for tortious interference with prospective economic advantage, a plaintiff

3

must allege that the defendant "induced a third party to refrain from entering into a contract with Plaintiff without justification" and that "the contract would have ensued but for Defendants' interference." Holroyd v. Montgomery County of Soc. Servs., 606 S.E.2d 353, 358 (N.C. Ct. App. 2004). The Magistrate Judge noted that there was no separate factual section for this claim. Nevertheless, the Magistrate Judge concluded that DDI had alleged enough facts to state a claim against Suess for tortious interference with prospective economic advantage.

In the factual section labeled "Unfair and Deceptive Trade Practices," DDI includes the underlying facts for the tortious interference with prospective economic advantage claim. DDI names Suess as one of the parties who actively participated in "conspir[ing] and orchestrat[ing] a campaign to disrupt or eliminate DDI's sales of its Prodigy meters in the market." (Doc. No. 1; Compl. ¶ 25). In the same section, DDI alleges that the "Defendants" allegedly misled various unnamed customers to buy Advocate meters. For example, the Defendants distributed a document to DDI's customers which listed all of the lawsuits DDI and other entities have been involved in and asked, "Will you be next?" on the top of the document. (Doc. No. 1; Compl. ¶ 32). Viewing these limited allegations in the light most favorable to the Plaintiff, the Court finds that DDI has stated enough facts to show that Suess actively participated in the tortious interference, and therefore, Suess may be personally liable as a corporate officer.

**B.  Unfair and Deceptive Trade Practices**

Suess also objects to the Magistrate Judge's failure to apply corporate immunity to the UDTP claim.

To state a UDTP claim under N.C. Gen. Stat. § 75-1.1, a plaintiff must allege three elements: "(1) an unfair or deceptive trade practice, (2) in or affecting commerce, which (3) proximately

4

caused actual injury to the claimant." Nucor Corp. v. Prudential Equity Group, LLC, 659 S.E.2d 483, 488 (N.C. Ct. App. 2008). "A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive." Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001).

DDI alleges that Suess personally attempted to place an advertisement with the National Federation of the Blind's *Voice of the Diabetic* publication. The advertisement announced that DDI's Prodigy Autocode meter was not FDA approved and stated 'Buyer Beware!'" (Doc. No. 1; Compl. ¶ 31). Based on these allegations, DDI has alleged enough facts to show that Suess actively participated in unfair and deceptive trade practices. Therefore, Suess may be personally liable as a corporate officer.

### C. Defamation and Slander Per Se

Finally, Suess objects that the Magistrate Judge failed to apply corporate immunity to the defamation and slander per se claims.

To state a North Carolina claim for defamation, a plaintiff must allege that the defendant caused injury to the plaintiff's reputation by making "false, defamatory statements of or concerning the plaintiff, which were published to a third person." Smith-Price v. Charter Behavioral Health Sys., 595 S.E.2d 778, 783 (N.C. Ct. App. 2004). Defamation is divided into two distinct torts: libel and slander. Boyce & Isley, PLLC v. Cooper, 568 S.E.2d 893, 898 (N.C. Ct. App. 2002). Libel encompasses any false, written publication while slander encompasses a false oral communication. Iadanza v. Harper, 611 S.E.2d 217, 222 (N.C. Ct. App. 2005).

There are two categories of slander: slander per se and slander per quod. Donovan v. Fiumara, 442 S.E.2d 572, 574 (N.C. Ct. App. 1994). "Slander *per se* is an oral communication to a third person which amounts to . . . an allegation that impeaches the plaintiff in his trade, business,

5

or profession." Phillips v. Winston-Salem/Forsyth County Bd. of Educ., 450 S.E.2d 753, 756 (N.C. Ct. App. 1994). The categorization of defamation claims "has a significant bearing on plaintiff's evidentiary burden." Griffin v. Holden, 636 S.E.2d 298, 303 (N.C. Ct. App. 2006). A claim of per se defamation carries a "presumption of malice and a conclusive presumption of legal injury . . . entitling the victim to recover at least nominal damages without proof of special damages" whereas a claim of per quod defamation requires that special damages be pleaded and proved. Id.

In support of the slander per se claim, DDI states in the Complaint that Suess personally attempted to place an advertisement in the *Voice of the Diabetic* publication which announced an allegedly false statement about DDI's Autocode meter. (Doc. No. 1; Compl. ¶ 31). The Complaint also lists four false and misleading statements that were allegedly made by Defendants to DDI's customers. (Doc No. 1; Compl. ¶ 30). The Court finds that these facts are sufficient to show that Suess actively participated in defamation and slander per se.

Suess also objects that the publication element of the defamation claims is not properly alleged because "the defamatory document ostensibly circulated was merely given to an advertising person to determine price and is clearly nothing more than a draft, having Quark crop lines upon it."

To meet the publication requirement, the false statements must be communicated to a third person. Raymond U v. Duke Univ., 371 S.E.2d 701, 708 (N.C. Ct. App. 1988) (finding publication when a false statement was stated to a colleague of plaintiff). Although the false statements about DDI may have been in draft form, Suess communicated the statements to an advertising person at the *Voice of the Diabetic* publication. Therefore, DDI has sufficiently alleged the publication element of defamation and slander per se.

6

In response to the defamation claim, Suess argues for the first time that "qualified privilege would raise the bar to allegations and proof of specific intent and special damages, nowhere alleged." (Doc. No. 55 at 11). Issues raised for the first time in objections to an M&R are deemed waived. Denton v. Orian Rugs, Inc., No. 8:06-0576, 2007 U.S. Dist. LEXIS 56451, at *4-5 (D.S.C. Aug. 2, 2007) (citing cases). The Court therefore declines to consider any argument concerning qualified privilege.

The Court also notes that counsel for Suess failed to file timely objections. Rule 72(b) requires that objections to an M&R be filed within 10 days after being served with a copy. Fed. R. Civ. P. 72(b). The original deadline to respond was May 29, 2009. On May 30, 2009, after the deadline, Suess filed for a one day extension. The Court granted the extension. A day after the extension expired, Suess filed an untimely motion seeking a one week extension. Suess filed the objections 34 minutes after the midnight deadline. Suess is advised that he must comply with Local Rule 5.2.1, which states that "A document will be deemed timely filed on a particular day if filed prior to midnight Eastern Time."

### IV. CONCLUSION

Accordingly, after a careful review of the record in this case, the Court finds that the Magistrate Judge's conclusions of law are consistent and supported by current case law. Thus, the Court accepts the M&R of the Magistrate Judge and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. No. 4) should be **GRANTED** in part and **DENIED** in part as follows:

1. the claim of tortious interference with contract against Suess is dismissed;

2. the remaining claims against Suess are not dismissed.

Signed: September 14, 2009

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge