**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:08-cv-149-RJC-DSC**

| | | |
|---|---|---|
| **DIAGNOSTIC DEVICES, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **PHARMA SUPPLY, INC., et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court upon a motion to dismiss filed by defendants Diabetic Supply of Suncoast, Inc. ("Suncoast") and Dan Dennis (collectively "the defendants") (Doc. No. 24), plaintiff's response (Doc. No. 29), and defendants' reply (Doc. No. 31). The Magistrate Judge issued a memorandum and recommendation ("M&R"), recommending that the motion to dismiss be granted. (Doc. No. 57). Plaintiff filed timely objections to the M&R. (Doc. No. 65). For the following reasons, the Court **GRANTS** defendants' motion to dismiss.

## I.    BACKGROUND

      Plaintiff Diagnostic Devices, Inc. ("DDI") is a North Carolina corporation with its principle place of business in Mecklenburg County, North Carolina. DDI sells blood glucose meters and test strips under the Prodigy trademark to distributors throughout the country. Defendant Suncoast is a Puerto Rican corporation with its principle place of business in Dorado, Puerto Rico. Suncoast sells and distributes blood glucose meters under the Advocate brand name. Defendant Dennis, a corporate officer of Suncoast, is a resident and citizen of Puerto Rico. The complaint generally alleges that these two out-of-state defendants are "conducting business in North Carolina." (Doc. No. 1-2 at 4; Compl. ¶¶ 6-7). The complaint specifically

1

alleges that "Dennis, on behalf of [Suncoast], has registered and is using the domain name 'prodigymeters.com' which is similar to DDI's official domain name 'prodigymeter.com.'" (Id. at 6; ¶ 29).

Defendants Suncoast and Dennis filed a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, claiming that the Court lacks personal jurisdiction. The motion also asks the Court to dismiss the claims against Dennis pursuant to Rule 12(b)(6). On June 22, 2009, the Magistrate Judge issued an M&R recommending that the motion be granted. The Magistrate Judge concluded that the Court lacks personal jurisdiction over Suncoast and Dennis and that the complaint fails to state a claim against Dennis for tortious interference with contract, tortious interference with prospective advantage, defamation and slander per se. Plaintiff filed timely objections and the issues are now ripe for review.[1]

## II.    STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis,718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a

---

[1] The defendants failed to file a response to plaintiff's objections despite the Court granting them three extensions.

district judge is responsible for the final determination and outcome of the case, and accordingly

the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs,

Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint." Id. at 563. A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts

to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960

(2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. at 1949.

III.    DISCUSSION

DDI objects to the specific jurisdiction analysis in the M&R. Specifically, DDI objects to

the M&R's analysis of jurisdiction under North Carolina's long-arm statute. DDI also objects to

the Court's due process analysis, claiming that the Court should apply the rationale of Cole-Tuve,

Inc. v. American Machine Tools Corp., 342 F. Supp. 2d 362 (D. Md. 2004).

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a motion to dismiss

based upon a defense that the Court lacks personal jurisdiction over a defendant. As a plaintiff,

DDI bears the burden of establishing that this Court can exercise personal jurisdiction over the

defendants. Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). Since no

evidentiary hearing has been held on the matter, DDI "need prove only a prima facie case of personal jurisdiction." Id. "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Id.

DDI argues that the Court has specific jurisdiction over Suncoast and Dennis.[2] For the Court to assert specific jurisdiction over non-resident defendants, two conditions must be satisfied: (1) "the exercise of jurisdiction must be authorized under the state's long-arm statute;" and (2) "the exercise of jurisdiction must comport with Fourteenth Amendment due process requirements." Christian Science Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's long-arm statute is construed to extend to the outer boundaries of due process. Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630 (N.C. 1977). "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Christian Science Bd., 259 F.3d at 215 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

In determining whether a defendant has minimum contacts with the forum state, the Court considers "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities

_____

[2] Neither party objects to the Magistrate Judge's conclusion that the Court has no general jurisdiction over the defendants. The exercise of general jurisdiction is proper where a defendant has "continuous and systematic" contacts with the forum state, even if those contacts are not related to the cause of action. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). The Court will forego any analysis of general jurisdiction because the Magistrate Judge did not clearly err in making that determination.

directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002). In ALS Scan, the Fourth Circuit "adap[ted] the traditional standard . . . for establishing specific jurisdiction so that it made sense in the Internet context." Young v. New Haven Advocate, 315 F.3d 256, 263 (4th Cir. 2002). The court adopted the sliding scale model developed in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997), and held that "a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." ALS Scan, 293 F.3d at 714. The court further explained that "[u]nder this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received." Id.

In Cole-Tuve, the District of Maryland applied the standard in ALS Scan to a cybersquatting case.[3] Plaintiff, a Maryland corporation, alleged that defendant, an Illinois corporation, targeted plaintiff's Maryland customers by redirecting Internet traffic from plaintiff's website to defendant's website using confusingly similar domain names. 342 F. Supp. 2d at 364. Plaintiff asserted that its only business, and therefore defendant's only target, was in Maryland. Id. at 368. Further, plaintiff alleged that defendant's website had no legitimate

---

[3] Cybersquatting or cyberpiracy is "the bad faith and abusive registration of distinctive marks as Internet domain names with the intent to profit from the goodwill associated with such marks . . . ." Barcelona.com, Inc. v. Excelentisimo Ayuntamiento de Barcelona, 330 F.3d 617, 624 (4th Cir. 2003) (quoting S. Rep. No. 106-140, at 4 (1999)).

purpose other than to direct customers away from plaintiff's website. Id. Accepting these allegations as true, the court held that jurisdiction was proper and stated that defendant "directed a harm at a Maryland business with the manifest intent of engaging in activities in the state by intentionally infringing on the rights of a company it knew to be in Maryland in order to misdirect its Maryland customers." Id.

The court's rationale in Cole-Tuve was recently discussed in American Association of Blood Banks v. Boston Paternity, LLC, No. DKC 2008-2046, 2009 U.S. Dist. LEXIS 65184 (D. Md. July 28, 2009).[4] In American Association of Blood Banks, plaintiff, an Illinois corporation with its only office in Maryland, alleged that defendant, a New Hampshire corporation, attempted to redirect Internet traffic from plaintiff's website to defendant's website by registering domain names which were identical to plaintiff's trade name. 2009 U.S. Dist. LEXIS 65184, at *5-6. The District Court of Maryland held that it lacked specific jurisdiction because there was no evidence that defendant specifically targeted plaintiff's Maryland customers. Id. at *30. Unlike the plaintiff in Cole-Tuve, whose customers were located solely in Maryland, the plaintiff in American Association of Blood Banks serviced customers in all fifty states. Id.

Here, DDI alleges that the Court has jurisdiction because the defendants registered a domain name using the trademark and similar domain name of a North Carolina company that sells to North Carolina distributors. Yet, unlike the plaintiff in Cole-Tuve, DDI sells its meters to distributors throughout the country. There is no indication that the defendants intended to engage in business or interactions within North Carolina. See id. at *30; see also Panavision Int'l L.P.,v.

_____

[4] The Court notes that the decision in American Association of Blood Banks was filed on July 29, 2009, a week after plaintiff filed its objections to the M&R.

6

Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998) (stating that "simply registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another"). DDI failed to meet the first two factors of the <u>ALS Scan</u> test; therefore, the Court lacks specific jurisdiction over defendants.[5]

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED THAT** the Magistrate Judge's M&R (Doc. No. 57) is **AFFIRMED,** and defendants Suncoast and Dennis's motion to dismiss (Doc. No. 24) is **GRANTED**.

Signed: October 30, 2009

Robert J. Conrad, Jr.
Chief United States District Judge

---

[5] Plaintiff also objects to the M&R's Rule 12(b)(6) analysis of the claims against Dennis. These objections are moot in light of the Court's dismissal of the claims against Dennis for lack of specific jurisdiction.