# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:08cv149
### [consolidated cases 3:08cv149 & 3:08cv559]

| | |
|---|---|
| DIAGNOSTIC DEVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PHARMA SUPPLY, INC., et al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| DIAGNOSTIC DEVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| TAIDOC TECHNOLOGY CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the court on the following motions and pleadings, all filed near, at, or after the close of business on Friday, February 3, 2012:

161 MOTION for Preliminary Injunction to Prevent Unauthorized Disclosure of Materials Subject to Protective Order by Diagnostic Devices, Inc..Responses due by 2/21/2012. (Ross, Adam) (Entered: 02/03/2012);

162 Consent MOTION for Extension of Time to file Dispositive Motions by National Home Respiratory Service, Inc., Pharma Supply, Inc., Frank P. Suess. Responses due by 2/21/2012. (Burchette, Robert). Motions referred to David Keesler. (Entered: 02/03/2012);

163 MOTION for Leave to File Excess Pages by National Home Respiratory Service, Inc., Pharma Supply, Inc., Frank P. Suess. Responses due by 2/21/2012. (Burchette, Robert). Motions referred to David Keesler. (Entered: 02/03/2012);

164 Miscellaneous Filing by National Home Respiratory Service, Inc., Pharma

> Supply, Inc., Frank P. Suess. (Stein, Mitchell) (Entered: 02/03/2012); and
>
> 165  RESPONSE in Opposition re 161 MOTION for Preliminary Injunction to Prevent Unauthorized Disclosure of Materials Subject to Protective Order and consent to non-disclosure pending full judicial review by National Home Respiratory Service, Inc., Pharma Supply, Inc., Frank P. Suess, Taidoc Technology Corporation(3:08-cv-559). Replies due by 2/13/2012. (Stein, Mitchell) (Entered: 02/03/2012).

As a pre-quel to such last minute filings, the court received a series of correspondence that foreshadowed requests for extensions of time as to dispositive motions as well as an amorphous disclosure of materials produced pursuant to this court's Protective Order to the FDA. In a precautionary email, chambers advised counsel of record that any request for relief must, in accordance with Local Civil Rule 7.1, be presented in the form of a motion, not by email.

In defendants' response to plaintiff's Motion for Preliminary Injunction, defendants filed a response, in which they state, as follows:

> Mr. Stein thereupon filed a request for guidance with the Court, further indicating the desire and duty to disclose FDA-related information to the FDA, on the grounds that such information was known or should have been known by the FDA, and that this thus satisfied an exception under Article 7 of the Protective Order.

The court is concerned that Mr. Stein, appearing *pro hac vice*, might not be aware of the court's Local Civil Rules, which provide as follows:

> (A) Motions in Writing. Unless made during a hearing or trial, all motions must be put in writing and filed as provided by LCvR 5.2(C) and shall state with particularity the grounds of the motions and shall set forth the relief or Order sought. Motions will ordinarily be ruled upon without oral argument, unless otherwise ordered by the Court.

L.Cv.R. 7.1 (A). Such rule is not, however, peculiar to this district and only amplifies Rule 7(b)(1), Federal Rule of Civil Procedure, which provides in relevant part, as follows:

> (b) Motions and Other Papers.
> (1) In General. *A request for a court order must be made by*

>   *motion*. The motion must:
>> (A)   be in writing unless made during a hearing or trial

* * *

Fed.R.Civ.P. 7(b)(1). So that the court can be clear, requests for relief from the court must be put in the form of a motion. Before the hearing discussed below, local counsel for defendants should again discuss the Local Civil Rules with lead counsel for defendants as well as his perceptions as to the Western District's expectations as to collegiality and resolving matters on the merits.

From what the court can discern, the documents Mr. Stein proposes to disclose to the FDA have not been compelled by an administrative subpoena but by some ethical or moral obligation either defendants and/or Mr. Stein believe they are under to unilaterally disclose documents to the FDA. Despite this case lingering in the courts for nearly four years, the court notes that such compulsion has arisen on the eve of the dispositive motions deadlines and trial.

While Mr. Stein assures the court that he will not disclose documents marked pursuant to the Protective Order until plaintiff's motion is resolved, <u>see</u> Response (#165), at ¶ 2, such representation is not sufficient as the court is concerned that extra-judicial gamesmanship may be afoot. Until such motions can be heard, defendants and their counsel will be ordered not to disclose to any party outside of this litigation any document marked pursuant to this court's Protective Order.

To that end, this court will require <u>all</u> counsel of record to appear for a hearing on the above listed motions and miscellaneous filings on Monday, February 6, 2012, at 11 a.m. This Order is being entered on Saturday, February 4, 2012, and transmitted to counsel by email to ensure that all counsel have time to secure a flight to Charlotte or, failing such, to drive to Charlotte.

# ORDER

**IT IS, THEREFORE, ORDERED** that the following motions and matters are set for hearing on Monday, February 6, 2012, at 11 a.m. in Courtroom 3, in Charlotte:

161    MOTION for Preliminary Injunction to Prevent Unauthorized Disclosure of Materials Subject to Protective Order by Diagnostic Devices, Inc..Responses due by 2/21/2012. (Ross, Adam) (Entered: 02/03/2012);

162    Consent MOTION for Extension of Time to file Dispositive Motions by National Home Respiratory Service, Inc., Pharma Supply, Inc., Frank P. Suess.Responses due by 2/21/2012. (Burchette, Robert). Motions referred to David Keesler. (Entered: 02/03/2012);

163    MOTION for Leave to File Excess Pages by National Home Respiratory Service, Inc., Pharma Supply, Inc., Frank P. Suess.Responses due by 2/21/2012. (Burchette, Robert). Motions referred to David Keesler. (Entered: 02/03/2012);

164    Miscellaneous Filing by National Home Respiratory Service, Inc., Pharma Supply, Inc., Frank P. Suess. (Stein, Mitchell) (Entered: 02/03/2012); and

165    RESPONSE in Opposition re 161 MOTION for Preliminary Injunction to Prevent Unauthorized Disclosure of Materials Subject to Protective Order and consent to non-disclosure pending full judicial review by National Home Respiratory Service, Inc., Pharma Supply, Inc., Frank P. Suess, Taidoc Technology Corporation(3:08-cv-559). Replies due by 2/13/2012. (Stein, Mitchell) (Entered: 02/03/2012).

Signed: February 4, 2012

Max O. Cogburn Jr.
United States District Judge