# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| DIAGNOSTIC DEVICES, INC. <br><br> Plaintiff, <br><br> v. <br><br> PHARMA SUPPLY, INC., et al., <br><br> Defendants. | CASE NO.: 3:08-cv-00149-MOC-DCK |
| DIAGNOSTIC DEVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAIDOC TECHNOLOGY CORPORATION, <br><br> Defendant. | MEMORANDUM IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTION IN LIMINE NO. 4 (PRECLUDING ANY EVIDENCE OR ARGUMENT REGARDING THE RELIGIOUS BELIEFS OF RICHARD ADMANI OR RAMZI ABULHAJ) |
| TAIDOC TECHNOLOGY CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> DIAGNOSTIC DEVICES, INC., RICHARD ADMANI, an individual, RAMZI ABULHAJ, an individual, and PRODIGY DIABETES CARE, LLC, <br><br> Counterclaim Defendants. | |

Plaintiff Diagnostic Devices, Inc. ("DDI") and Counterclaim Defendants DDI, Richard Admani, Ramzi Abulhaj and Prodigy Diabetes Care, LLC respectfully move the Court to exclude all, direct and indirect, references to or evidence of Mr. Admani's or Mr. Abulhaj's religious beliefs.

## Introduction

Throughout this litigation, defendants TaiDoc Technology Corp. ("TaiDoc") and Pharma Supply, Inc. ("Pharma") (collectively, "Defendants") have made repeated references the Palestinian national origin of Counterclaim Defendants Mr. Admani and Mr. Abulhaj and to the prior name change of Mr. Admani. DDI anticipates that Defendants will attempt to elicit similar testimony or make similar references at trial in order to indirectly disclose Mr. Admani and Mr. Abulhaj's Palestinian Muslim religion. This would be a blatant attempt to prejudice Mr. Admani and Mr. Abulhaj in the eyes of the jury. The religious beliefs of these individuals are not relevant to the matters at issue in this lawsuit and therefore reference to these facts should be precluded under Fed. Rs. of Evid. 401, 402 and, alternatively, Rule 403.

## Argument

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 402.

Relevant evidence may also be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Fourth Circuit regularly affirms a district court's exclusion of evidence that could inject collateral issues and mislead the jury from the real issues in the case. E.g., Lewis v. Sentara Alternative Delivery Sys., 1998 U.S. App. LEXIS 3656, at *8 (4th Cir. Mar. 2, 1998) ("Excluding testimony under Rule 403 to avoid litigating collateral matters was not an abuse of discretion"); United States v. Grossman, 400 F.3d 212, 218-19 (4th Cir. 2004) ("The trial judge was correct in finding that the insignificant probative value of this evidence was easily

outweighed by a desire to avoid confusing and distracting the jury"); see also United States v. Rand, 2011 WL 4914952, at *5 (W.D.N.C. Oct. 17, 2011) (granting motion in limine to preclude evidence of Wachovia's loss because such evidence "would confuse the issues, mislead the jury and result in needless presentation of cumulative evidence").

The issues in this lawsuit do not, in any way, relate to Mr. Admani's or Mr. Abulhaj's Palestinian Muslim religion. Thus, reference to and/or evidence concerning their religious beliefs, or underlying facts identifying their religious beliefs, will not have "a tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Accordingly, evidence and reference to Mr. Admani's and Mr. Abulhaj's Palestinian Muslim religion should be excluded under Fed. R. Evid. 402.

The only conceivable reason TaiDoc or Pharma would introduce this evidence is to create a bias against these individuals in the eyes of the jury. Such a purpose is clearly improper: "Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." Fed. R. Evid. 610; see also Brockington v. Circus Circus Miss., Inc., 2008 WL 5255814, at *1 (N.D. Miss. Dec. 16, 2008) (references to religious beliefs to indicate to the jury that they should consider religious beliefs of parties are prohibited).

Even if there were minimal relevant value to the admission of such evidence—which there is not—the Court should exclude the evidence under Rule 403 because "its probative value is substantially outweighed by a danger of ... unfair prejudice."

Once a direct or indirect reference to Mr. Admani or Mr. Abulhaj's religion is made in open Court, in front of the jury, the resulting prejudice cannot be corrected. Thus, this is precisely the type of situation where a motion in limine is required. Dee-K Enters., Inc. v. Heveafil SND. BHD., 2001 WL 862521, at *1 (W.D.N.C. Feb. 13, 2001) (explaining that a

3

motion in limine is "any motion…to exclude anticipated prejudicial evidence before the evidence is actually offered") (quoting Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

## Relief Requested

For the foregoing reasons, DDI respectfully requests that this Court exclude any direct or indirect evidence or reference to Mr. Admani's or Mr. Abulhaj's religious beliefs.

This 7th day of March, 2012.

**JAMES, McELROY & DIEHL, P.A.**

s/ Richard B. Fennell
Richard B. Fennell (NC Bar No. 17398)
Jared E. Gardner (NC Bar No. 28275)
Adam L. Ross (NC Bar No. 31766)
Jon P. Carroll (NC Bar No. 33850)
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
E-mail: rfennell@jmdlaw.com
jgardner@jmdlaw.com
aross@jmdlaw.com
jcarroll@jmdlaw.com

Lawrence G. Scarborough (Admitted Pro Hac Vice)
J. Alex Grimsley (Admitted Pro Hac Vice)
**BRYAN CAVE LLP**
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
E-mail: lgscarborough@bryancave.com
jagrimsley@bryancave.com

Attorneys for Plaintiff and Counterclaim Defendants

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this **MEMORANDUM IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTION IN LIMINE NO. 4 (PRECLUDING ANY EVIDENCE OR ARGUMENT REGARDING THE RELIGIOUS BELIEFS OF RICHARD ADMANI OR RAMZI ABULHAJ)** was served on all parties to this action via the Court's CM/ECF system as follows:

Robert L. Burchette
JOHNSTON, ALLISON & HORD, P.A.
1065 East Morehead Street
Charlotte, North Carolina 28204
rburchette@jahlaw.com

Mitchell A. Stein
STEIN LAW, P.C.
24 Woodbine Avenue, Suite 4
Northport, New York 11768
mitch@kingofip.com

Attorneys for Defendant Pharma Supply, Inc. National Hope Respiratory Service, Inc., d/b/a Diabetic Support Program, and Frank Suess

Bradley Robert Slenn
Frank A. Mazzeo
RYDER, LU, MAZZEO & KONIECZNY, LLC
808 Bethlehem Pike, Suite 200
Colmar, Pennsylvania 18915
bslenn@ryderlu.com
fmazzeo@ryderlu.com

Kao H. Lu
RYDER, LU, MAZZEO & KONIECZNY, LLC
1425 East Darby Road
Havertown, Pennsylvania 19083
klu@ryderlu.com

Daniel Bishop
BISHOP, CAPITANO & MOSS, P.A.
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
dbishop@bcandm.com

Attorneys for Defendant and Counterclaimant Taidoc Technology Corporation

This 7th day of March, 2012.

s/ Jon Paul Carroll