**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **DIAGNOSTIC DEVICES, INC.,** | **Consolidated Civil Action No.** |
| **Plaintiff,** | **3:08-CV-00149-MOC** |
| **v.** | |
| **PHARMA SUPPLY, INC., et al.,** | **DEFENDANT TAIDOC** |
| **Defendants.** | **TECHNOLOGY CORP.'S RESPONSE** |
| | **TO PLAINTIFF'S MOTION IN** |
| | **LIMINE NO. 2** |
| **DIAGNOSTIC DEVICES, INC.** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.** |
| **TAIDOC TECHNOLOGY CORP.,** | **3:08-CV-00559-MOC** |
| **Defendant.** | |

In Motion in Limine No. 2, Plaintiff Diagnostic Services, Inc. ("DDI") and Counterclaim

Defendants DDI, Richard Admani, Ramzi Abulhaj and Prodigy Diabetes Care, LLC seek to

exclude evidence relating to the parties' opposing contentions on the meaning of the exclusivity

provision of their written agreement.  Specifically, they seek to exclude (1) TaiDoc Technology

Corp's ("TaiDoc") pre-existing contracts with third parties; (2) subsequent negotiations or

communications between DDI and TaiDoc concerning proposed amendments to the Sales

Exclusive Agreement between DDI and TaiDoc; and (3) Mr. Admani's statement regarding

DDI's exclusive right to sell TaiDoc blood glucose meters being part of a gentlemen's

agreement.  DDI's own emails show they were not the exclusive distributor of all TaiDoc blood

glucose monitoring systems in the contracted territory, thus, they want to keep out all parol evidence.

The exclusivity contract language at issue reads:

"4.2  Supplier shall not directly or indirectly offer, sell or export Products to Territory through any other channel than distributor.  Supplier shall refer to Distributor any and all inquiries or orders for Products which Supplier may receive  from any party in the Territory."

"Products" is defined by the agreement.

"Supplier produces and distributes certain medical devices ("Products") as listed in Exhibit A hereto."

Exhibit A to the original agreement defined "Products" as "Product No. TD-4227."  Through the Second Addendum to the contract, the definition was broadened to include meter models Prodigy Duo TD-3217, Prodigy Audio TD-4277A, Prodigy Advance TD-4227B, Prodigy Autocode TD-4277C, Prodigy Pro TD-4228, Prodigy Eject TD-4231, Prodigy Voice TD-4232, and Prodigy Autosigns TD-8002.

DDI contends that it had an exclusive right to sell all TaiDoc glucose meters and strips within the United States regardless of model number.  TaiDoc contends that DDI had a limited exclusive right that only extends to "Products" as that term is defined in the written Agreement such that the exclusive right pertains only to Prodigy Duo TD-3217, Prodigy Audio TD-4277A, Prodigy Advance TD-4227B, Prodigy Autocode TD-4277C, Prodigy Pro TD-4228, Prodigy Eject TD-4231, Prodigy Voice TD-4232, and Prodigy Autosigns TD-8002.

The "exclusivity" provision is a material term of the agreement.  If the parties did not have a meeting of the minds on this material term, the jury could find that a valid contract was not formed.  All of the evidence sought to be excluded is relevant to the question of whether there was a meeting of the minds on exclusivity.  One jury issue is: "Did DDI and TaiDoc enter

2

into a contract that provided DDI with an exclusive right to sell all TaiDoc manufactured glucose meters and strips regardless of model number?"  Alternatively stated, "Did DDI and TaiDoc enter into a valid contract?"

Plaintiff's argument that the contract's exclusivity language is unambiguous in its favor wholly ignores that "Products" is a defined term.  Moreover, it is undisputed that the Products identified were not "all" of TaiDoc's glucose meters.  If the language is clear and unambiguous, then all parole evidence should be precluded as to all parties.  Of course, it is patent that if summary judgment is not granted to TaiDoc, the language of the contract must be evaluated by the jury to determine whether there was a meeting of the minds on exclusivity (and other issues).

TaiDoc's contracts with third parties.

TaiDoc never understood the exclusivity provision to relate to anything other than the listed model numbers as set forth in the Agreement.  The fact that TaiDoc had other contracts in the territories before and after the time of its Agreement with DDI demonstrates TaiDoc's intent with respect to exclusivity at the time of formation.  Indeed, Plaintiff knew about other contracts and did not contest the sale of other meters to other distributors in the territory so long as it the meters were older versions or did not have a talking function.  (ECF# 39)  Further, Plaintiff concedes in the motion that certain of the third party contracts predate the Agreement.  Consideration of the parties' intent at formation is both relevant and admissible on the issue of contract formation.

Amendments to the Agreement.

Negotiations and conversations around the amendments to the contract demonstrate that DDI was aware of TaiDoc's understanding of exclusivity when the contract was amended.  DDI accepted the new consideration of the amendment with knowledge of the course of dealing and

3

understanding by which TaiDoc was performing under the agreement. This evidence is relevant to the issues to be submitted as a defense to formation and waiver of breach.

<u>Mr. Admani's Statement.</u>

The jury is allowed to and must consider whether a party was aware of the other party's interpretation of the contract. If so, the party with knowledge of the other's interpretation cannot later claim that his unexpressed intent controls. Mr. Admani's statement is admissible to show his, and therefore DDI's, understanding that the written agreement did not provide for blanket exclusivity as now contended by the plaintiff.

CONCLUSION

For the reasons stated below, the Plaintiff's Motion in Limine No. 2 should be denied.

*Respectfully Submitted*,

DATED March 9, 2012          RYDER, LU, MAZZEO & KONIECZNY LLC


By:      /s Bradley R. Slenn
          Kao Lu, *pro hac vice*
          Frank A. Mazzeo, *pro hac vice*
          Bradley R. Slenn, *pro hac vice*
          808 Bethlehem Pike, Suite 200
          Colmar, PA 18915
          klu@ryderlu.com
          fmazzeo@ryderlu.com
          bslenn@ryderlu.com

          ERWIN, BISHOP, CAPITANO & MOSS, P.A.
          J. Daniel Bishop (N.C. State Bar No. 17333)
          Joseph W. Moss, Jr. (N.C. State Bar No. 20236)
          4521 Sharon Road, Suite 350
          Charlotte, North Carolina 28211
          Phone: (704) 716-1200
          Facsimile: (704) 716-1201
          Dbishop@bcandm.com
          *Counsel for Defendant TaiDoc Technology Corp.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2012, I electronically filed this **RESPONSE TO MOTION IN LIMINE NO. 2** using the CM/ECF system which will send notification of such filing to the following:

>Richard B. Fennell (rfennell@jmdlaw.com)
>Jared E. Gardner (jgardner@jmdlaw.com)
>Adam L. Ross (aross@jmdlaw.com)
>JAMES, MCELROY & DIEHL, P.A.
>600 South College Street
>Charlotte, North Carolina 28202
>
>Mitchell A. Stein, Esq. (iplawyer@kingofip.com)
>STEIN LAW, P.C.
>24 Woodbine Avenue, Suite 4
>Northport, New York 11768
>
>Robert L. Burchette (rburchette@jahlaw.com)
>Johnston, Allison & Hord
>1065 East Morehead St
>Charlotte, NC 28202

>/FrankAMazzeo/
>*Counsel for Defendant TaiDoc Technology Corp.*