IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DIAGNOSTIC DEVICES, INC., <br>     Plaintiff, <br><br> v. <br><br> PHARMA SUPPLY, INC., et al, <br>     Defendants. | CASE NO.: 3:08-cv-00149-MOC-DCK |
| DIAGNOSTIC DEVICES, INC., <br>     Plaintiff, <br><br> v. <br><br> TAIDOC TECHNOLOGY CORPORATION, <br>     Defendant. | DEFENDANT/COUNTERCLAIMANT TAIDOC TECHNOLOGY CORPORATION'S RESPONSE TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTION *IN LIMINE* NO. 3 |
| TAIDOC TECHNOLOGY CORPORATION; <br>     Counterclaimant, <br><br> v. <br><br> DIAGNOSTIC DEVICES, INC., RICHARD ADMANI, an individual, RAMZI ABULHAJ, an individual, and PRODIGY DIABETES CARE, LLC, <br>     Counterclaim Defendants. | |

**MEMORANDUM IN SUPPORT OF TAIDOC TECHNOLOGY CORPORATION'S RESPONSE TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS'MOTION *IN LIMINE* NO. 3**

Defendant TaiDoc Technology Corp. ("TaiDoc") by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of Its Response to Plaintiff/Counterclaim Defendants' Motion *in Limine* No. 3 (Precluding Any Evidence or Argument Regarding Lawsuits Involving Counterclaim Defendants and/or Related Entities).

In Motion in Limine No. 3, Plaintiff Diagnostic Services, Inc. and Counterclaim Defendants DDI, Richard Admani, Ramzi Abulhaj and Prodigy Diabetes Care, LLC (collectively "Movants") seek to exclude evidence or argument regarding other lawsuits involving the parties and/or their related entities. In their Motion, they contend that any such evidence: (1) bears the "risk of prejudice, confusion of the issues, misleading the jury, undue delay, and waste of time"; (2) constitutes inadmissible "character evidence"; and (3) comprises inadmissible hearsay, and should accordingly be excluded from trial. (Pl. Motion *in Limine* No. 3.)

In February 2009, DDI amended its complaint to add the claims for libel and libel per se based on TaiDoc's December 18, 2008 letter to the FDA and the January 9, 2009 letter to TaiDoc's vendors. By alleging that TaiDoc has committed libel and libel per se, Movants have, as a matter of law, called their character into question. World Wide Association v. Pure, Inc., 450 F.3d 1132, 1138 (10th Cir. 2006), holds that "it is well-established . . . that the character of the plaintiff in a defamation case is at issue." See, e.g., Gov't of Virgin Islands v. Grant, 775 F.2d 508, 511 & n. 4 (3rd Cir. 1985); Longmire v. Ala. State Univ., 151 F.R.D. 414, 419 (M.D. Ala. 1992); Daniels by Glass v. Wal-Mart Stores, Inc., 634 So. 2d 88, 93 (Miss. 1993). And when character is at issue, Federal Rule of Evidence 405 provides that evidence of reputation, opinion, and specific conduct is admissible to prove an element of the claim or defense. Fed. R. Evid. 405; World Wide Assoc., 450 F.3d at 1138; see Schafer v. Time, Inc., 142 F.3d 1361, 1372 n. 14 (11th Cir. 1998) (stating that "[t]he plain language of Rule 405(b) . . . expressly permit[s] the admission of specific acts when character is an essential element of the case.")

TaiDoc may admit evidence of other lawsuits involving Movants not to prejudice Movants or to confuse or mislead the jury or to waste the Court's time, but rather to rebut any of Movants' claims of damages from the alleged libel or libel per se. See World Wide, 450 F.3d at

1139 (allowing defendant to introduce evidence of plaintiff's character to mitigate damages attributable to it and holding that character evidence was relevant to show plaintiff's damages). Movants assert that TaiDoc's December 18, 2008 letter to the FDA and the January 9, 2009 letter to TaiDoc's vendors damaged DDI's reputation and lead to loss of business. It is clear, however, that evidence of other lawsuits show that Movants' character was already diminished and may mitigate any damages Movants allege.

These lawsuits suggest that Movants have a litigious reputation, making businesses wary of buying from them. In particular, in Goldberg v. Diagnostic Devices, Inc., a trustee is suing DDI for fraudulent conveyance in relation to another Abulhaj and Admani entity VitalCare. Likewise, in Roche Diagnostics Operations v. Diagnostic Devices, Inc., DDI was sued for patent infringement and suggests that Movants' claims of owning certain technology may be false. Moreover, the two warning letters the FDA issued to VitalCare Group show that DDI's principals Admani and Abulhaj knew that the FDA regulations required them to have quality control systems for their DDI facility, which the FDA observed in its January 2009 Establishment Inspection Report that DDI did not have. (ECF# 179-52 p. 41-52.)

Further, the Court can take judicial notice of these and other lawsuits, as they are court records. Cumulatively, these lawsuits make clear that Movants' reputations were already tarnished well before TaiDoc issued its letters, substantially mitigating any alleged damages attributable to TaiDoc. Accordingly the probative value of this evidence far outweighs any potential for prejudice, confusion, or waste of time. See Fed. R. Evid. 403.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff/Counterclaim Defendants' Motion *in Limine* No. 3 should be denied.

*Respectfully Submitted*,

DATED March 9, 2012  RYDER, LU, MAZZEO & KONIECZNY LLC


By: /s Bradley R. Slenn
Kao Lu, *pro hac vice*
Frank A. Mazzeo, *pro hac vice*
Bradley R. Slenn, *pro hac vice*
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
klu@ryderlu.com
fmazzeo@ryderlu.com
bslenn@ryderlu.com

ERWIN, BISHOP, CAPITANO & MOSS, P.A.
J. Daniel Bishop (N.C. State Bar No. 17333)
Joseph W. Moss, Jr. (N.C. State Bar No. 20236)
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Phone: (704) 716-1200
Facsimile: (704) 716-1201
Dbishop@bcandm.com

*Counsel for Defendant TaiDoc Technology Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2012, I electronically filed this **RESPONSE TO MOTION IN LIMINE NO. 3** using the CM/ECF system which will send notification of such filing to the following:

>Richard B. Fennell (rfennell@jmdlaw.com)
>Jared E. Gardner (jgardner@jmdlaw.com)
>Adam L. Ross (aross@jmdlaw.com)
>JAMES, MCELROY & DIEHL, P.A.
>600 South College Street
>Charlotte, North Carolina 28202
>
>Mitchell A. Stein, Esq. (iplawyer@kingofip.com)
>STEIN LAW, P.C.
>24 Woodbine Avenue, Suite 4
>Northport, New York 11768
>
>Robert L. Burchette (rburchette@jahlaw.com)
>Johnston, Allison & Hord
>1065 East Morehead St
>Charlotte, NC 28202

/FrankAMazzeo/

*Counsel for Defendant TaiDoc Technology Corp.*