UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DIAGNOSTIC DEVICES, INC.; <br><br> Plaintiff, <br><br> vs. <br><br> PHARMA SUPPLY, INC., et al <br><br> Defendants. <br><br> —— <br><br> DIAGNOSTIC DEVICES, INC.; <br><br> Plaintiff, <br><br> vs. <br><br> TAIDOC TECHNOLOGY, CORPORATION, <br><br> Defendant. | CASE NOS.: <br> 3:08-CV-00149 <br> 3:08-CV-00559 <br><br> DEFENDANT TAIDOC'S RESPONSE TO PLAINTIFF / COUNTERCLAIM DEFENDANTS' MOTION *IN LIMINE* NO. 5 |

**TAIDOC'S RESPONSE TO PLAINTIFF/COUNTERCLAIM DEFENDANTS' MOTION
*IN LIMINE* NO. 5 TO PRECLUDE TESTIMONY OF
EXPERTS WEI-CHEN CHANG AND TIMOTHY ULATOWSKI[1]**

Defendant TaiDoc Technology Corp., ("Taidoc") by and through its attorneys submits its memorandum of law in response to Plaintiff/Counterclaim Defendants' Motion *In Limine* No. 5

Plaintiff Diagnostic Devices, Inc. (DDI) and Counterclaim Defendants DDI, Richard Admani, Ramzi Abulhaj, and Prodigy Diabetes Care, LLC (collectively, "Plaintiff") contend that Taidoc's proposed experts should be precluded from testifying at trial. The basis for DDI's motion is that TaiDoc did not timely produce their expert reports. Plaintiff's Motion is a rehash of its Motion to Preclude Experts and to modify the Protective Order dated February 24, 2012.

---

[1] TaiDoc's financial expert Wei-Chen Chang is ill and unable to make the 25 hour trip from Taiwan for trial.

1

(ECF #184.) Defendants opposed the Motion on February 27, 2012 (ECF# 190) and the Court has already held a hearing on the matter the following day. TaiDoc incorporates its response to the original motion as if fully set forth. (ECF# 190.)

In August of 2011, the Court directed the parties to send final document request and complete discovery. On September 9, 2011, per the Court's Order, both Pharma and Taidoc propounded document requests on Plaintiff. Plaintiff responded and objected to a number of requests including document necessary to determine the FDA issues in this matter on September 27, 2011.

On November 29, 2011, Tadoc's counsel sent DDI's counsel a letter advising why Plaintiff's objections were improper and asking for the FDA related documents, which Plaintiff had in its possession as of January 2009. Taidoc's counsel followed up on December 19, 2011. Taidoc's counsel followed up a third time on December 27, 2011 and a fourth time on January 6, 2012. Later that week, Plaintiff produced much of its FDA file after counsel for DDI had to go to his clients' offices to review. Plaintiff has still not produced the raw data behind its testing, necessary documentation for Defendant's expert to form his opinion.

In January 2012, counsel for Pharma discovered problems in connection with FDA non-compliance. Mr. Stein discovered serious and significant customer complaints that had not been earlier revealed in depositions or in production. On January 11, 2012, Pharma counsel, Mitch Stein made an urgent request to the FDA seeking documents from 2009 that should have been produced in two prior FOIA requests. On January 12, 2012, the FDA responded indicating they had "NO RECORDS responses …from the districts" and the FOIA requests had been "closed in Aug. 5, 2011." Mr. Stein contacted the FDA indicating the error that the FOIA requests should

have went to the North Carolina Branch. The FDA responded that the matter was being referred to FDA counsel.

On January 18, 2012, Mr. Stein received a call from the FDA, asking him to call re: the FOIA request. Mr. Stein called the following day and setup a meeting to meet with the FDA investigator Ms. Claudette Brooks. Mr. Stein was informed on January 24 that Ms. Brooks would not be available to meet for at least a week. Mr. Stein requested a meeting as soon as possible. Mr. Stein was informed on January 31 that the soonest Ms. Brooks would be available for a meeting was February 6. A meeting was scheduled for that day. The February 6 meeting was actually held on February 14 due to a scheduling conflict with this Court's Order.

On February 20, 2012, Plaintiff's counsel unilaterally placed a deadline on when Taidoc and Pharma defendants had to provide him with expert reports notwithstanding the fact that the Protective Order had not been resolved and for which there was an outstanding motion. Concerned it about its inability to get the required information to acquire a proper expert report, TaiDoc provided an incomplete report from Feng-Yu Lee so as not to prejudice itself before it and Pharma could engage a more suitable FDA expert. Taidoc's counsel Brad Slenn, along with Pharma's counsel, met with Mr. Ulatowski and engaged him on March 2, 2012. Defendants produced Mr. Ulatowski's report to Plaintiffs on March 4, 2012, and Plaintiff's deposed Mr. Ulatowski on March 8, 2012.

Defendants were unable to secure a timely expert report with for the FDA issues in this case because of delays in FDA FOIA requests and failure to receive timely discovery from Plaintiff which came in dribs and drabs from November 2011 to late January 2012. When Defendants possessed the information it needed, they diligently sought to provide an expert report. Defendants should not be punished because of Plaintiff's conduct. Further, due to the

3

complications which surround the FDA, Defendants were not able to obtain a meeting with the FDA until mid-February. As Plaintiff's have received Mr. Ulatowski's report and have had the opportunity to depose him no prejudice exists.

CONCLUSION

       For the foregoing reasons, Plaintiff's Motion *In Limine* No. 5 to preclude testimony of expert should be denied.

Dated: March 9, 2012

    RYDER, LU, MAZZEO & KONIECZNY LLC
    /s Bradley R Slenn
    Kao Lu, *pro hac vice*
    Frank A. Mazzeo, *pro hac vice*
    Bradley R. Slenn, *pro hac vice*
    808 Bethlehem Pike, Suite 200
    Colmar, PA 18915
    klu@ryderlu.com
    fmazzeo@ryderlu.com
    bslenn@ryderlu.com

    ERWIN, BISHOP, CAPITANO & MOSS, P.A.

    J. Daniel Bishop (N.C. State Bar No. 17333)
    4521 Sharon Road, Suite 350
    Charlotte, North Carolina 28211
    Phone: (704) 716-1200
    Facsimile: (704) 716-1201
    dbishop@ebcm.com
    *Counsel for Defendant TaiDoc Technology Corp.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing TaiDoc's Response to Motion in Limine No 5 was served this date via e-mail/electronic filing upon the following counsel:

Richard B. Fennell
James, McElroy & Diehl, P.A.
600 South College Street
Charlotte, NC 28202
704-372-9870 (t)
rfennell@jmdlaw.com
*Counsel for plaintiff and counterclaim defendants*

Robert L. Burchette
Johnston, Allison Hord, P.A.
1065 E.Morehead Street
Charlotte, NC 28204
704-332-1181 (t)
rburchette@jahlaw.com

Mitchell A. Stein
Stein Law, P.C.
24 Woodbine Avenue, Suite 4
Northport, New York 11768
631-757-8404 (t)
mitch@kingofip.com
*Counsel for Pharma Supply, Inc., National Home Respiratory Service, Inc., d/b/a Diabetic Support Program and Frank Suess*

/FrankAMazzeo/
Frank A. Mazzeo, Esquire

Dated: March 9, 2012