UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-149-MOC

| | |
|---|---|
| DIAGNOSTIC SERVICES, INC., <br>         Plaintiff, <br> vs. <br><br> PHARMA SUPPLY, INC. et al. <br><br>         Defendants. | |
| DIAGNOSTIC SERVICES, INC. <br>         Plaintiff, <br> vs. <br><br> TAIDOC TECHNOLOGY CORPORATION, <br> et al. <br><br>         Defendants. | **DEFENDANT TAIDOC'S** <br> **PROPOSED JURY INSTRUCTIONS** |

Defendant TaiDoc Technology Corporation ("TaiDoc") submits proposed jury instructions on Plaintiffs First, Second, Third, Fourth, Fifth, and Seventh Claims. A proposed instruction for the Sixth Claim (the Lanham Act) claims, will be tendered by a supplemental filing. TaiDoc also submits proposed instructions on its First , Seventh, Eighth, Ninth, Tenth and Eleventh Counterclaims. A proposed instruction for the Second, Third, Fourth and Fifth Counterclaims will be tendered by a supplemental filing.

A table of contents precedes the instructions. All instructions submitted on state law claims are from the North Carolina Pattern Jury Instructions. Custom instructions are designated and have a footnote reference to authority. Note that certain proposed instructions are in the alternative and others note that amendments will be proposed as the evidence is received.

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 1 of 91

FIRST CLAIM FOR RELIEF – LIBEL PER SE ....................................................... 5

N.C.P.I. Civil 806.50. Defamation-Libel Per Se – Private Figure – Not a Matter of Public Concern ........................................................................................................................ 5

N.C.P.I. Civil 806.81. Defamation Actionable Per Se – Private Figure – Not Matter of Public Concern – Presumed Damages ................................................................................. 7

N.C.P.I. Civil 806.51. Defamation – Libel Actionable Per Se – Private Figure – Matter of Public Concern ........................................................................................................................ 9

N.C.P.I. Civil 806.79. Defamation – Libel Actionable Per Se or Libel Actionable Per Quod – Private Figure – Not a Matter of Public Concern – Defense of Truth ........................................... 11

Libel – Defense of Privilege ....................................................................................... 12

N.C.P.I. Civil 806.82. Defamation Actionable Per Se – Private Figure – Matter of Public concern – Presumed Damages ................................................................................. 13

N.C.P.I. Civil 806.84. Defamation – Private Figure – Matter of Public Concern – Actual Damages .................................................................................................................... 15

N.C.P.I. Civil 806.85. Defamation – Defamation Actionable Per Se – Private figure – Matter of Public Concern – Punitive Damages .......................................................................... 16

SECOND CLAIM – LIBEL PER QUOD .................................................................. 17

N.C.P.I. Civil 806.60. Defamation – Libel Per Quod – Private Figure Not a Matter of Public Concern ........................................................................................................................ 17

N.C.P.I. Civil 806.61. Defamation – Libel Actionable Per Quod – Private Figure Matter of Public Concern ........................................................................................................................ 19

N.C.P.I. Civil 806.79. Defamation – Libel Actionable Per Se or Libel Actionable Per Quod – Private Figure – Not a Matter of Public Concern – Defense of Truth ........................................... 21

THIRD CLAIM – BREACH OF CONTRACT ......................................................... 22

N.C.P.I. Civil 501.01. Contracts - Issue of Formation................................................ 22

N.C.P.I. Civil 501.45. Contracts - Issue of Formation - Defense of Fraud ................ 25

N.C.P.I. Civil 501.30. Contracts - Issue of Formation - Defense of Mutual Mistake of Fact ...... 27

N.C.P.I. Civil 502.00. Contracts - Issue of Breach by Non-Performance ................... 28

N.C.P.I. Civil 502.15. Contracts - Issue of Breach - Defense of Waiver .................... 30

Defense - Unclean Hands............................................................................................ 31

Defense – Laches ....................................................................................................... 32

N.C.P.I. Civil 503.03. Contracts - Issue of Common Law Remedy - Specific Performance ....... 33

FOURTH CLAIM – CONTRACT DAMAGES ........................................................ 34

N.C.P.I. Civil 503.06. Contracts - Issue of Common Law Remedy - Statement of Damages Issue ................................................................................................................................... 34

N.C.P.I. Civil 503.09. Contracts - Issue of Common Law Remedy - Damages in General ......... 35

N.C.P.I. Civil 503.70. Contracts - Issue of Common Law Remedy - Incidental Damages.......... 36

2

N.C.P.I. Civil 503.73. Contracts - Issue of Common Law Remedy - Consequential Damages... 37

N.C.P.I. Civil 503.76. Contracts - Issue of Common Law Remedy - Future Worth of Damages In Present Value ............................................................................................................. 38

N.C.P.I. Civil 503.79. Contracts - Issue of Common Law Remedy - Damages Mandate........... 39

FIFTH CLAIM – TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE ...... 40

N.C.P.I. Civil 807.10. Wrongful Interference with Prospective Contract .................................... 40

SIXTH CLAIM – LANHAM ACT [To Be added by supplement]............................................. 41

Descriptiveness Defense[to be added by supplement]................................................................. 41

Priority Defense[to be added by supplement]............................................................................. 41

SEVENTH CLAIM – UNFAIR COMPETITION – NC LAW .................................................... 42

N.C.P.I. Civil 813.21. Trade Regulation - Violation - Issue of Unfair Methods of Competition and Unfair or Deceptive Acts or Practices.................................................................................. 42

N.C.P.I. Civil 813.62. Trade Regulation - Commerce - Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts Or Practices.............................................................. 43

N.C.P.I. Civil 813.70. Trade Regulation - Proximate Cause - Issue of Proximate Cause ........... 44

N.C.P.I. Civil 813.80. TRADE REGULATION-DAMAGES-ISSUE OF DAMAGES.............. 45

FIRST COUNTERCLAIM – BREACH OF CONTRACT ........................................................ 47

N.C.P.I. Civil 502.00. Contracts - Issue of Breach by Non-Performance ................................... 47

N.C.P.I. Civil 503.06. Contracts - Issue of Common Law Remedy - Statement of Damages Issue .................................................................................................................................................. 50

N.C.P.I. Civil 503.09. Contracts - Issue of Common Law Remedy - Damages in General ......... 51

N.C.P.I. Civil 503.70. Contracts - Issue of Common Law Remedy - Incidental Damages.......... 52

N.C.P.I. Civil 503.73. Contracts - Issue of Common Law Remedy - Consequential Damages... 53

N.C.P.I. Civil 503.76. Contracts - Issue of Common Law Remedy - Future Worth of Damages In Present Value ............................................................................................................................. 54

N.C.P.I. Civil 503.79. Contracts - Issue of Common Law Remedy - Damages Mandate........... 55

SECOND COUNTERLCLAIM – DECLARATORY JUDGMENT FOR NON-INFRINGEMENT – [To Be Added By Supplement]................................................................. 56

THIRD COUNTERCLAIM – FEDERAL UNFAIR COMPETITION [To Be Added By Supplement] ............................................................................................................................. 56

FOURTH COUNTERCLAIM – DJ FOR TERMINATION OF AGREEMENT [To Be Added By Supplement] ............................................................................................................................. 56

FIFTH COUNTERCLAIM – FEDERAL FALSE ADVERTISING [To Be Added By Supplement] ............................................................................................................................. 56

SIXTH COUNTERCLAIM – MISAPPROPRIATION OF TRADE SECRETS (Dismissed 3/9/12).................................................................................................................................... 56

SEVENTH COUNTERCLAIM – UNJUST ENRICHMENT .................................................... 57

3

N.C.P.I. Civil 736.00. Quantum Meruit - Quasi Contract - Contract Implied at Law .................. 57

N.C.P.I. Civil 736.01. Quantum Meruit - Quasi Contract - Contract Implied at Law: Measure of Recovery ......................................................................................................................... 59

EIGHTH COUNTERCLAIM - FRAUD ................................................................................. 60

N.C.P.I. Civil 800.00. Fraud. ............................................................................................... 60

N.C.P.I. Civil 800.07. Fraud: Damages ............................................................................... 62

NINTH COUNTERCLAIM – UNFAIR DECEPTIVE TRADE PRACTICES NC LAW .......... 63

N.C.P.I. Civil 813.21. Trade Regulation - Violation - Issue of Unfair Methods of Competition and Unfair or Deceptive Acts or Practices ........................................................................... 63

N.C.P.I. Civil 813.62. Trade Regulation - Commerce - Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts Or Practices ...................................................... 65

TENTH COUNTERCLAIM – LIBEL PER SE ....................................................................... 66

N.C.P.I. Civil 806.50. Defamation-Libel Per Se – Private Figure – Not a Matter of Public Concern ................................................................................................................................ 66

N.C.P.I. Civil 806.81. Defamation Actionable Per Se – Private Figure – Not Matter of Public Concern – Presumed Damages ............................................................................................ 67

N.C.P.I. Civil 806.51. Defamation – Libel Actionable Per Se – Private Figure – Matter of Public Concern ..................................................................................................................... 69

N.C.P.I. Civil 806.82. Defamation Actionable Per Se – Private Figure – Matter of Public concern – Presumed Damages ............................................................................................. 71

N.C.P.I. Civil 806.84. Defamation – Private Figure – Matter of Public Concern – Actual Damages ............................................................................................................................... 73

N.C.P.I. Civil 806.85. Defamation – Defamation Actionable Per Se – Private figure – Matter of Public Concern – Punitive Damages ................................................................................ 74

LIBEL PER QUOD INSTRUCTIONS (ALTERNATIVE) ...................................................... 75

N.C.P.I. Civil 806.60. Defamation – Libel Per Quod – Private Figure Not a Matter of Public Concern ................................................................................................................................ 75

N.C.P.I. Civil 806.61. Defamation – Libel Actionable Per Quod – Private Figure Matter of Public Concern ..................................................................................................................... 77

ELEVENTH COUNTERCLAIM – FRAUDULENT CONVEYANCE ..................................... 79

N.C.P.I. Civil 814.50. Fraudulent Transfer - Present and Future Creditors - Intent to Delay, Hinder or Defraud ................................................................................................................ 79

N.C.P.I. Civil 814.65. Fraudulent Transfer - Present and Future Creditors - Lack of Reasonably Equivalent Value ............................................................................................... 81

N.C.P.I. Civil 814.70. Fraudulent Transfer - Present Creditors - Insolvent Debtor and Lack of Reasonably Equivalent Value .......................................................................................... 82

PUNITIVE DAMAGES ........................................................................................................ 83

N.C.P.I. Civil 810.96. Punitive Damages - Liability of Defendant ........................................ 83

4

N.C.P.I. Civil 810.98. Punitive Damages - Issue of Whether to Make Award and Amount of Award........................................................................................................................................ 85

OTHER MISCELLANEOUS INSTRUCTIONS ......................................................................... 87

N.C.P.I. Civil 101.39. Evidence - Spoliation by a Party............................................................. 87

## FIRST CLAIM FOR RELIEF – LIBEL PER SE

### N.C.P.I. Civil 806.50. Defamation-Libel Per Se – Private Figure – Not a Matter of Public Concern

The (state number) issue reads:

"Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, four things:

First, that the defendant wrote or printed the following statements about the plaintiff:

*(1)     A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

*(2)     A December 9, 2009 letter to "many" DDI "customers" saying:*
*a.      Prodigy strips produced by DDI are a counterfeit product;*
*b.      their sale violates FDA regulations; and,*
*c.      they will result in inaccurate test results. (¶67 Am. Compl.).*

Second, that the defendant published the statement. "Published" means that the defendant knowingly communicated the statement or distributed[8] the statement  so that it reached one or more persons other than the plaintiff. Communicating the statement or Distributing the statement to the plaintiff alone is not sufficient.

Third, that the statement(s) was/were false.

Fourth, that at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false.  Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant wrote or printed the following statement(s) about the plaintiff:

5

(1)     A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)

(2)     A December 9, 2009 letter to "many" DDI "customers" saying:
        a.      Prodigy strips produced by DDI are a counterfeit product;
        b.      their sale violates FDA regulations; and,
        c.      the will result in inaccurate test results. (¶67 Am. Compl.)

that the defendant published the statement, that the statement was false, and that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

**N.C.P.I. Civil 806.81. Defamation Actionable Per Se – Private Figure – Not Matter of Public Concern – Presumed Damages**

"What amount of presumed damages is the plaintiff entitled to recover?"

You will consider this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the plaintiff.

If you have answered Issue Number (*state issue number*) "Yes," the plaintiff is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the libelous statement.[3] Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be specifically proved by evidence. This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award *him* damages for such harm because such harm is presumed by the law when a defendant publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of the libelous statement. However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense, award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of the libel of the plaintiff by the defendant.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

7

Finally as to this issue, if you have answered Issue Number *(state issue number)* "Yes" in favor of the plaintiff, then you will answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to award the plaintiff under the instructions I have given you.

**N.C.P.I. Civil 806.51. Defamation – Libel Actionable Per Se – Private Figure – Matter of Public Concern**

*NOTE WELL: This instruction(fn1) applies when the trial judge has determined as a matter of law(fn2) that: (1) the statement is libelous(fn3) on its face;(fn4) (2) the plaintiff is a private figure and (3) the subject matter of the statement is of public concern.(fn5)*

*NOTE WELL: A "Yes" answer to this issue entitles the plaintiff to an instruction on actual damages if proof is offered. Presumed and punitive damages are only allowed upon a showing of actual malice. See N.C.P.I. Civil 806.82 & 806.85; see generally N.C.P.I.--Civil 806.40, nn.12, 26, 29, 30 and accompanying text.*

The (*state number*) issue reads:

"Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, four things:

First, that the defendant wrote or printed the following statement(s) about the plaintiff:

*(1)     A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

*(2)     A December 9, 2009 letter to "many" DDI "customers" saying:*
*a.     Prodigy strips produced by DDI are a counterfeit product;*
*b.     their sale violates FDA regulations; and,*

*c.     the will result in inaccurate test results. (¶67 Am. Compl.).*

Second, that the defendant published the statement. "Published" means that the defendant knowingly communicated(fn8) the statement or distributed(fn9) the statement so that it reached one or more persons(fn10) other than the plaintiff. Communicating the statement or Distributing the statement to the plaintiff alone is not sufficient.

Third, that the statement was false.

Fourth, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant wrote or printed the following statement(s) about the plaintiff:

*(1)     A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

*(2)     A December 9, 2009 letter to "many" DDI "customers" saying:*
        *a.     Prodigy strips produced by DDI are a counterfeit product;*
        *b.     their sale violates FDA regulations; and,*

        *c.     the will result in inaccurate test results.  (¶67 Am. Compl.)*

that the defendant published the statement, that the statement was false, and that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

10

**N.C.P.I. Civil 806.79. Defamation – Libel Actionable Per Se or Libel Actionable Per Quod – Private Figure – Not a Matter of Public Concern – Defense of Truth**

The (*state number*) issue reads:

"Was the statement made by the defendant true?"

You will answer this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the statement(s) made by the defendant,

(1)     *A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

(2)     *A December 9, 2009 letter to "many" DDI "customers" saying:*
      *a.     Prodigy strips produced by DDI are a counterfeit product;*
      *b.     their sale violates FDA regulations; and,*
      *c.     the will result in inaccurate test results. (¶67 Am. Compl.)*

 was true. The truth of the matter stated is a complete defense to a claim for libel and the plaintiff cannot recover if the defendant proves the statement was true.

It is not required that the defendant prove that the statement was literally true in every respect. Slight inaccuracies of expression are immaterial provided that the defendant proves that the statement was substantially true.  This means that the gist or sting of the statement must be true even if minor details are not.  The gist of a statement is the main point or heart of the matter in question.  The sting of such a statement is the hurtful effect or the element of the statement that wounds, pains or irritates.  The gist or sting of a statement is true if it produces the same effect on the mind of the recipient which the precise truth would have produced.

Finally as to this issue, on which the defendant has the burden of proof, if you find by the greater weight of the evidence, that the statement made by the defendant was true, then it would be your duty to answer this issue "Yes" in favor of the defendant. If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

**Libel – Defense of Privilege**

NOTE:  This issue is typically resolved by the Court as a matter of law.

The (state number) issue reads:

"Did the Defendant have a privilege to communicate the libelous information to third parties?"

On this issue, the burden of proof is on the Defendant.  This means that the Defendant must prove, by the greater weight of the evidence, the following three things:

First, that the communication was made on subject matter in which the Defendant had either (a) an interest or (b) in reference to which the Defendant has a right or duty.

Second, that the parties that the information was communicated to had a corresponding interest, right, or duty.

Third, that the communication was limited in scope and warranted by the occasion to protect the interest, right or duty.  This means that the method and addresses of the communication was limited to those individuals or parties who had such an interest, right, or duty.

Finally, as to this issue on which the defendant has the burden of proof, if you find, by the greater weight of the evidence, that the Defendant had an interest, right or duty concerning the subject matter of the communication about Plaintiff's products, that the parties the Defendant communicated to had a corresponding interest, right, or duty, and that the communication was limited in scope and warranted by the occasion to protect the interest, right, or duty, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

Authority: *DaimlerChrysler Corp. v. Kirkhart*, 148 N.C. App. 572, 585, 561 S.E.2d 276, 284-85 (N.C. Ct. App. 2002)

**N.C.P.I. Civil 806.82. Defamation Actionable Per Se – Private Figure – Matter of Public concern – Presumed Damages**

Part One: "Did the defendant publish the libelous statement with actual malice?"

Part Two: "If so, what amount of presumed damages is the plaintiff entitled to recover?"

You will consider this issue only if you have answered Issue Number (*state issue numbers*) "Yes" in favor of the plaintiff.

On Part One of this issue, the burden of proof is on the plaintiff to prove by clear, strong and convincing evidence that the defendant published the libelous statement with actual malice.

Clear, strong and convincing evidence is evidence that, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Actual malice means that, at the time of the publication of the libelous statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.

As to Part One of this issue on which the plaintiff has the burden of proof, if you find by clear, strong and convincing evidence that the defendant published the libelous statement with actual malice, then it would be your duty to write "Yes" in the first blank space provided and then proceed to consider Part Two of this issue. On the other hand, if you fail to find by clear, strong and convincing evidence that the defendant published the libelous statement with actual malice, then it would be your duty to write "No" in the first blank space provided and you would not consider this issue further.

If you find by clear, strong and convincing evidence that the defendant published the libelous statement with actual malice, then the plaintiff under Part Two of this issue is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the libelous statement. Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be specifically proved by evidence.  This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award *him* damages for such harm. The law presumes such harm when a defendant publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 13 of 91

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of the libelous statement. However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense, award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of the libel of the plaintiff by the defendant.

I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

As to Part Two of this issue, if in Part One you have found by clear, strong and convincing evidence that the defendant published the statement with actual malice, then you shall answer Part Two by writing in the second blank space provided that amount of presumed damages which you have determined to award the plaintiff under the instructions I have given you. However, if in Part One you have failed to find by clear, strong and convincing evidence that the defendant published the statement with actual malice, then you will not consider in Part Two whether to award the plaintiff presumed damages and will leave the second space blank.

14

**N.C.P.I. Civil 806.84. Defamation – Private Figure – Matter of Public Concern – Actual Damages**

"What amount of actual damages is the plaintiff entitled to recover?"

You will answer this issue only if you have answered Issue Number (*state issue numbers*) "Yes" in favor of the plaintiff.

The burden of proof on this issue is on the plaintiff to prove by the greater weight of the evidence that, as a result of the defendant's publication of the libelous statement, the plaintiff suffered actual damages. Actual damages include pecuniary damages and actual harm damages.

Pecuniary damages are tangible monetary losses, such as lost income or other direct financial harm. You may award pecuniary damages to the extent you find the plaintiff has suffered such tangible monetary losses. Emotional distress and mental suffering alone do not prove monetary loss.

Actual harm damages include such things as impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. You may award actual harm damages to the extent you find the plaintiff has suffered such actual injury.

You may compensate the plaintiff only once for any injury. Thus, if you award presumed damages to the plaintiff, you may not award additional amounts to the plaintiff as actual harm damages to the extent you have already awarded the plaintiff presumed damages for the same injury. You may award as actual harm damages only such amount as compensates the plaintiff for injuries that the plaintiff has proved *he* suffered and for which *he* has not otherwise been compensated by your verdict on other damages.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to actual damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff suffered actual damages as a result of the defendant's publication of the libelous statement, then it would be your duty to answer this issue in favor of the plaintiff and to write in the blank space provided the monetary amount of such actual damages you find the plaintiff has suffered.

If, on the other hand, you do not find that the plaintiff has suffered actual damages, then it would be your duty to answer this issue in favor of the defendant and write a "Zero" in the blank space provided.

**N.C.P.I. Civil 806.85. Defamation – Defamation Actionable Per Se – Private figure – Matter of Public Concern – Punitive Damages**

The (*state number*) issue reads:

"Did the defendant publish the [libelous] [slanderous] statement with actual malice?

You will answer this issue only if you have answered the (*state issue number)* "Yes") in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by clear, strong and convincing evidence, that the defendant published the [libelous] [slanderous] statement with actual malice.[3]

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Actual malice means that, at the time of the publication of the [libelous] [slanderous] statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false.[4] Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.[5]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by clear, strong and convincing evidence that the defendant published the [libelous] [slanderous] statement with actual malice, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 16 of 91

**SECOND CLAIM – LIBEL PER QUOD**

**N.C.P.I. Civil 806.60. Defamation – Libel Per Quod – Private Figure Not a Matter of Public Concern**

The (state number) issue reads:

"Did the defendant libel the plaintiff?"

A libelous statement is one which (select the appropriate alternative):

tends to impeach or prejudice or discredit or reflect unfavorably upon a person in that person's trade or profession.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, seven things:

First, that the defendant wrote or printed the following statement about the plaintiff:

*(1)    A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

*(2)    A December 9, 2009 letter to "many" DDI "customers" saying:*
*    a.    Prodigy strips produced by DDI are a counterfeit product;*
*    b.    their sale violates FDA regulations; and,*
*    c.    the will result in inaccurate test results. (¶67 Am. Compl.).*

Second, that the defendant published the statement. "Published" means that the defendant knowingly communicated the statement or distributed the statement  so that it reached one or more persons other than the plaintiff.  Communicating the statement or Distributing the statement to the plaintiff alone is not sufficient.

Third, that the statement was false.

Fourth, that the defendant intended the statement to impeach the plaintiff in his trade or profession.

Fifth, that the person other than the plaintiff to whom the statement was published reasonably understood the statement to impeach the plaintiff in his trade or profession.

Sixth, that at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false.  Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Seventh, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.

17

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant wrote or printed the following statement about the plaintiff:

(1)      A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)

(2)      A December 9, 2009 letter to "many" DDI "customers" saying:
        a.      Prodigy strips produced by DDI are a counterfeit product;
        b.      their sale violates FDA regulations; and,
        c.      the will result in inaccurate test results. (¶67 Am. Compl.)

that the defendant published the statement, that the statement was false, that the defendant intended the statement to impeach the plaintiff in his trade or profession, that the person to whom the statement was published reasonably understood the statement to impeach the plaintiff in his trade or profession, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, and that the plaintiff, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant

18

**N.C.P.I. Civil 806.61. Defamation – Libel Actionable Per Quod – Private Figure Matter of Public Concern**

*NOTE WELL: This instruction(fn1) applies when the trial judge has determined as a matter of law(fn2) that: (1) the statement is subject to two interpretations, one of which is defamatory and one of which is not; or the statement is not libelous(fn3) on its face, but is capable of a defamatory meaning when extrinsic evidence is considered;(fn4) (2) the plaintiff is a private figure and (3) the subject matter of the statement is of public concern.(fn5)*

*NOTE WELL: A "Yes" answer to this issue entitles a plaintiff to an instruction on actual damages. Punitive damages are allowed only upon a showing of actual malice. See N.C.P.I. Civil-806.85; see generally, N.C.P.I.-Civil 806.40 ("Defamation-Preface"), nn.29 and 30 and accompanying text. Presumed damages are not available. See N.C.P.I.-Civil 806.40 ("Defamation-Preface"), nn.33 and 34 and accompanying text.*

The (*state number*) issue reads:

"Did the defendant libel the plaintiff?"

A libelous statement is one which (*select the appropriate alternative*):

tends to impeach(fn8) or prejudice(fn9)or discredit (fn10) or reflect unfavorably upon(fn11) a person in that person's trade or profession.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, seven things:

First, that the defendant wrote(fn13) or printed  the following statement about the plaintiff:

(*Quote the alleged statement*)

*[Note need a separate instruction for each alleged defamatory statement]*

*(1)      A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

*(2)      A December 9, 2009 letter to "many" DDI "customers" saying:*
 *a.       Prodigy strips produced by DDI are a counterfeit product;*
 *b.       their sale violates FDA regulations; and,*

 *c.       the will result in inaccurate test results.  (¶67 Am. Compl.).*

Second, that the defendant published the statement. "Published" means that the defendant knowingly communicated the statement or distributed the statement so that it reached one or more persons other than the plaintiff.   Communicating the statement or Distributing the statement to the plaintiff alone is not sufficient.

Third, that the statement was false.

Fourth, that the defendant intended the statement impeach the plaintiff in *his* trade or profession.

Fifth, that the person other than the plaintiff to whom the statement was published reasonably understood the statement to impeach the plaintiff in *his* trade or profession.

Sixth, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Seventh, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant wrote or printed the following statement about the plaintiff:

*(1)    A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

*(2)    A December 9, 2009 letter to "many" DDI "customers" saying:*
   *a.    Prodigy strips produced by DDI are a counterfeit product;*
   *b.    their sale violates FDA regulations; and,*

   *c.    the will result in inaccurate test results. (¶67 Am. Compl.)*

that the defendant published the statement, that the statement was false, that the defendant intended the statement to impeach the plaintiff in his trade or profession, that the person to whom the statement was published reasonably understood the statement to impeach the plaintiff in his trade or profession, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, and that the plaintiff, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

**N.C.P.I. Civil 806.79. Defamation – Libel Actionable Per Se or Libel Actionable Per Quod – Private Figure – Not a Matter of Public Concern – Defense of Truth**

The (*state number*) issue reads:

"Was the statement made by the defendant true?"

You will answer this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, that the statement made by the defendant,

(1)     *A December 18, 2008 letter to the FDA stating that DDI "sells fake test strips to its customers." (¶ 66 Am. Compl.)*

(2)     *A December 9, 2009 letter to "many" DDI "customers" saying:*
   *a.     Prodigy strips produced by DDI are a counterfeit product;*
   *b.     their sale violates FDA regulations; and,*

   *c.     the will result in inaccurate test results. (¶67 Am. Compl.)*

was true. The truth of the matter stated is a complete defense to a claim for libel and the plaintiff cannot recover if the defendant proves the statement was true.

It is not required that the defendant prove that the statement was literally true in every respect. Slight inaccuracies of expression are immaterial provided that the defendant proves that the statement was substantially true. This means that the gist or sting of the statement must be true even if minor details are not. The gist of a statement is the main point or heart of the matter in question. The sting of such a statement is the hurtful effect or the element of the statement that wounds, pains or irritates. The gist or sting of a statement is true if it produces the same effect on the mind of the recipient which the precise truth would have produced.

Finally as to this issue, on which the defendant has the burden of proof, if you find by the greater weight of the evidence, that the statement made by the defendant was true, then it would be your duty to answer this issue "Yes" in favor of the defendant. If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

**THIRD CLAIM – BREACH OF CONTRACT**

**N.C.P.I. Civil 501.01. Contracts - Issue of Formation**

The (*state number*) issue reads:

"Did DDI and TaiDoc enter into a contract that provided DDI with an exclusive right to sell all TaiDoc manufactured glucose meters and strips regardless of model number?"

or

"Did DDI and TaiDoc enter into a valid contract?

*DDI contends that it had an exclusive right to sell all TaiDoc glucose meters and strips within the United States regardless of model number.*

*TaiDoc contends that DDI had a limited exclusive right that only extends to "Products" as that term is defined in the written Agreement such that the exclusive right pertains only to Prodigy Duo TD-3217, Prodigy Audio TD-4277A, Prodigy Advance TD-4227B, Prodigy Autocode TD-4277C, Prodigy Pro TD-4228, Prodigy Eject TD-4231, Prodigy Voice TD-4232, and Prodigy Autosigns TD-8002.*

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that the plaintiff and the defendant mutually agreed to the same material terms for doing or refraining from doing a particular thing.

Second, that the mutual agreement of the parties was supported by an adequate consideration.

I will now explain to you the meaning of these two requirements.

With regard to the first requirement, for the parties to have mutually agreed, each of them must have assented to the same material terms for doing or refraining from doing a particular thing.

Mutual assent must be determined from the written words, oral statements  and conduct of the parties. Each party's written words and conduct must have such meaning as a reasonable person would give under the same or similar circumstances.  In determining what meaning a reasonable person would give to the parties' written words, oral statements and conduct, you should consider the evidence as to all the circumstances existing at the time of the offer and acceptance.

Intended, But Unexpressed Term.  One party may intend for a certain term to have a special or a particular meaning but fails to express that meaning in his written words, verbal expressions or conduct.  Under such circumstances, you should not consider such unexpressed special or particular meaning. However, if you find, by the greater weight of the evidence, that DDI knew or should have known what TaiDoc meant by certain written words, verbal expressions and

22

conduct, that meaning is deemed assented to by DDI unless TaiDoc knew or should have known that DDI gave such written words or conduct a different meaning.

All Material Terms Agreed. For a contract to be complete, each party must assent to all material terms. A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold assent or to bargain for a substantially different term. However, not every detail of the parties' transaction need be agreed upon. It is sufficient that there be mutual assent, express or implied, to all of the material terms. What constitutes the material terms essential to a given contract depends on the facts and circumstances of each transaction. In determining the material terms, you may consider the following factors:

the subject matter and purpose of the proposed contract;

the intentions of the parties;

the anticipated scope of performance by each party;

the prior dealings of the parties under this or similar contracts;

any custom, practice or usage so commonly known to other reasonable persons, in similar situations, that the parties know or should have known of its existence;

Supplemental Terms. In some instances, the parties' the parties' course of performance or course of dealing may give particular meaning to and supplement or qualify one or more terms of the parties' contract.

A course of performance arises out of prior repeated occasions for one party to perform under the contract. When the other party knows about the nature of such prior instances of performance and has an opportunity to object to them but does not, you may consider such course of performance as some evidence of the meaning of the parties' contract.

A course of dealing is a sequence of prior conduct between the parties in transactions the same as or similar to the one at issue here which reasonably establishes a basis for their common understanding of a particular meaning of a term in their contract or which supplements or qualifies a term in their contract.

A usage of trade is any practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will also be observed in the performance of the contract in question.

The express terms of a contract and any course of performance or course of dealing must be interpreted by you so as to be consistent with each other whenever it is reasonable to do so. However, where a consistent interpretation is not reasonably possible,

express terms override course of performance and course of dealing;

23

course of performance overrides course of dealing;

course of dealing overrides usage of trade;

Good Faith. In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement, and each party is deemed to have agreed to act in good faith in performing the contract. "Good faith" means honesty in fact in the performance of the contract.

With regard to the second requirement that the mutual agreement of the parties was supported by an adequate consideration, "consideration" means something of value. Such value may consist of some right, interest, profit or benefit accruing to one party or some forbearance, burden, detriment, loss or responsibility given, suffered or undertaken by the other.

Finally, as to the (*state number*) issue on which the plaintiff DDI has the burden of proof, if you find by the greater weight of the evidence that DDI and TaiDoc entered into a contract that that provided DDI with an exclusive right to sell all TaiDoc manufactured glucose meters and strips regardless of model number, then it would be your duty to answer this issue "Yes" in favor of the plaintiff DDI.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant TaiDoc.

**N.C.P.I. Civil 501.45. Contracts - Issue of Formation - Defense of Fraud**

The (*state number*) issue reads:

"Did TaiDoc enter into the October 17, 2006 or December 31, 2007 amendments to the Agreement with DDI as a result of fraud?"

*Defendant TaiDoc contends that DDI (1) misrepresented its intent to abide by the Agreement as amended by the First Addendum and Second Addendum, (2) misrepresented that DDI would keep TaiDoc's trade secrets confidential when they had no intention of doing so, (3) misrepresented DDI's need for TaiDoc to file a 510(k) in DDI's name as a legitimate business need when DDI's actual intent was to use the 510(k) to acquire TaiDoc's trade secrets for disclosure to third parties; and (4) DDI concealed its plan to acquire TaiDoc's trade secrets and deliver them to OK Biotech for profit and to harm TaiDoc.*

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff DDI.

On this issue the burden of proof is on the defendant. This means that TaiDoc must prove, by the greater weight of the evidence, six things:

First, that the plaintiff made a false representation of or concealed a material fact.

A statement of opinion, belief, recommendation, future prospects or a promise ordinarily is not a representation of fact. However, a promise can be a false representation of fact if, at the time it is made, the person making the promise has no intention of carrying it out.

A concealment occurs when a person fails to disclose that which, under the circumstances, he should disclose. A person has a duty to disclose all facts material to a transaction or event where he is a fiduciary, he has made a partial or incomplete representation, he is specifically questioned about them or *has contractually agreed a special relationship of trust and confidence through confidentiality of shared information.*

Second, that the false representation or concealment was calculated to deceive. A representation is calculated to deceive when the person who makes it knows it to be false, or makes it recklessly, without any knowledge of its truth or falsity, as a positive assertion. A concealment is calculated to deceive when the person who makes it knows there is a duty to disclose, or is recklessly indifferent to a duty to disclose.

Third, that the false representation was made or concealment was done with the intent to deceive.

Fourth, that the defendant was, in fact, deceived by the false representation or concealment.

Fifth, that the defendant's reliance was reasonable. The defendant's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 25 of 91

for his own welfare, would have relied on the false representation or would not have discovered the concealment.

And Sixth, that the defendant entered into the contract with the plaintiff as a result of *his* reliance on the plaintiff's false representation or concealment. In deciding whether the defendant entered into the contract with the plaintiff as a result of *his* reliance on the plaintiff's false representation or concealment, you may consider evidence of c*ircumstances of the parties including their statements and conduct before and after the agreement*.

Finally, as to the (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence, that the defendant entered into the contract with the plaintiff as a result of fraud, then it would be your duty to answer this issue "Yes" in favor of the defendant TaiDoc.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

**N.C.P.I. Civil 501.30. Contracts - Issue of Formation - Defense of Mutual Mistake of Fact**

The (*state number*) issue reads:

"Did the defendant enter into the contract with the plaintiff under a mutual mistake of fact?"

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, three things:

First, that the defendant entered into the contract with the plaintiff while *mistakenly assuming that that the parties both understood the exclusivity provision to be limited to Products as defined in the Agreement*.

Second, that, but for the defendant's mistaken assumption, the defendant would not have entered into the contract with the plaintiff.

Third, that the plaintiff knew or had reason to know that the defendant entered into the contract based upon a mistaken assumption.

Finally, as to the (*state number*) issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant entered into the contract with the plaintiff under a mutual mistake of fact, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the plaintiff.

**N.C.P.I. Civil 502.00. Contracts - Issue of Breach by Non-Performance**

The (state number) issue reads:

"Did the defendant breach the contract?"

*DDI contends that TaiDoc breached the contract by violating the exclusivity provision of the agreement. TaiDoc denies that it breached the contract.*

*DDI contends that TaiDoc breached the contract by failing to provide a right of first refusal on product improvements. TaiDoc denies that it breached the contract.*

You will answer this issue only if you have answered the (state number) issue "Yes" in favor of the plaintiff DDI.

On this issue the burden of proof is on the plaintiff. This means that Plaintiff DDI must prove, by the greater weight of the evidence, two things:

First, that the time had come for the defendant to perform or abide by a material term of the contract. This means that, at the time of the alleged breach there were no conditions precedent to the defendant's obligation to perform.

A condition precedent is a requirement that some act or event occur or not occur before a party to a contract becomes obligated to perform. A condition precedent may be written, oral or implied from the circumstances.

Second, that the defendant failed to perform or abide by a material term of the contract. A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold assent or to bargain for a substantially different term. Not every term in a contract is material. A party's failure to perform or abide by a term that is not material is not a breach of contract. In determining whether a term is material, you may consider the following factors:

the subject matter and purpose of the contract;

the intentions of the parties;

the scope of performance reasonably expected by each party;

the prior dealings of the parties; and,

any custom, practice or usage so commonly known to other reasonable persons, in similar situations, that the parties knew or should have known of its existence.

28

In this case the plaintiff contends, and the defendant denies, that the plaintiff was ready, willing and able to perform his obligations and there were no conditions precedent to the defendant's obligation to perform.

The plaintiff further contends, and the defendant denies, that the defendant failed to perform or abide by a material term of the contract as follows:

*DDI contends that TaiDoc breached the contract by violating the exclusivity provision of the agreement. TaiDoc denies that it breached the contract.*

*DDI contends that TaiDoc breached the contract by failing to provide a right of first refusal on product improvements. TaiDoc denies that it breached the contract*

Finally, as to the (state number) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the contract (by non-performance), then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant TaiDoc.

**N.C.P.I. Civil 502.15. Contracts - Issue of Breach - Defense of Waiver**

The (*state number*) issue reads:

"Did the plaintiff waive the defendant's breach of contract?"

*Defendant TaiDoc contends that DDI was aware that TaiDoc was selling glucose meters in the United States prior to the First Addendum and Second Addendum and that DDI waived any breach by TaiDoc by entering into the First Addendum and Second Addendum.*

You will answer this issue only if you have answered the (*state number*) issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the defendant TaiDoc must prove, by the greater weight of the evidence, three things:

First, that the defendant's breach of the contract was not a total one, and, notwithstanding the defendant's breach, the plaintiff continued to receive some of the consideration for which *he* bargained.

Second, that the plaintiff was aware of the breach by the defendant.

And Third, that the plaintiff intentionally and voluntarily waived *his* right to suspend *his* own performance and declare a breach of contract by the defendant. A waiver may be communicated in writing, orally or by conduct. If the plaintiff [continued to perform *his* obligations under the contract, accepted partial, deficient or non-conforming performance from the defendant without protest or reservation, you may infer, but you are not compelled to find, that the plaintiff waived *his* right to hold the defendant responsible for *his* breach of contract.

A person does not waive his right to declare a breach of contract where the contract provides that a failure to declare a breach or to invoke remedies for breach in one instance does not constitute a waiver of the right to do so in subsequent instances.

Finally, as to the (*state number*) issue on which the defendant has the burden of proof, if you find, by the greater weight of the evidence, that the plaintiff waived the defendant's breach of contract, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

**Defense - Unclean Hands**

The (state number) issue reads: "Are the Plaintiff's claims barred by its own inequitable conduct?"

On this issue, the burden of proof is on the Defendant. This means that the Defendant must prove, by the greater weight of the evidence, that Plaintiff's conduct was dishonest, deceitful, fraudulent, unfair, or overreaching in regard to the transactions with Defendant.

If you find by the greater weight of the evidence that the Plaintiff's conduct was dishonest, deceitful, fraudulent, unfair, or overreaching in regard to the transactions with Defendant, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the plaintiff.

Authority: **Collins v. Davis, 68 N.C. App. 588, 592 (N.C. Ct. App. 1984)**

**Defense – Laches**

The (state number) issue reads: "Are the Plaintiff's claims barred by laches?"

On this issue, the burden of proof is on the Defendant. This means that the Defendant must prove, by the greater weight of the evidence, the following three things:

1. That Plaintiff was aware of the Defendant's conduct;

2. That Plaintiff delayed in seeking a remedy of Defendant's conduct or in asserting its rights;

3. Plaintiff has no reasonable excuse for its delay; and

4. Plaintiff's delay in raising its claims caused damaged to Defendant.

Finally, if you find by the greater weight of the evidence that Plaintiff was aware of Defendant's conduct, that it delayed in asserting its rights without reasonable excuse, and that such delay has caused damage to the Defendant, then it would be your duty to answer this issue "Yes" in favor of the defendant.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the plaintiff.

**Authority: Irby v. Freese, 696 S.E.2d 889, 894 (N.C. Ct. App. 2010)**

**N.C.P.I. Civil 503.03. Contracts - Issue of Common Law Remedy - Specific Performance**

*Note Well: Specific performance is a remedy available to a party aggrieved by a breach of contract. However, at common law, the decision to decree specific performance is addressed to the sound discretion of the court. Hutchins v. Honeycutt, 286 N.C. 314, 210 S.E.2d 254 (1974); Harborgate Property Owners Ass'n., Inc. v. Mountain Lake Shores Development Corp., 145 N.C. App. 290, 551 S.E.2d 207 (2001); Munchak Corp. (Delaware) v. Caldwell, 46 N.C. App. 414, 265 S.E.2d 654, review allowed, 301 N.C. 94, modified and affirmed, 301 N.C. 689, 273 S.E.2d 281 (1980).(fn1) It is not a matter of right in equity. Tillery v. Land, 136 N.C. 537, 48 S.E. 824 (1904). While one seeking specific performance must allege and prove certain predicate facts such as the formation of a valid contract, a breach of that contract by the other party and performance (or readiness and ability to perform) by the party seeking specific performance, these facts are found by the jury pursuant to the 501.00 and 502.00 series. Once those predicate facts are determined, whether specific performance will be decreed is a non-jury question. This note is inserted in the remedy series to prevent the court from inadvertently instructing the jury on this remedy.*

**FOOTNOTES**

FOOTNOTE 1 The **Uniform Commercial Code** rule for buyers is similar (see N.C.P.I. -- Civil 504.21) but different for sellers (see N.C.P.I. -- Civil 504.42 and 45).

**Electronic NC Pattern Jury Instructions - Copyright CX Corporation, 1995-2011**

**FOURTH CLAIM – CONTRACT DAMAGES**

**N.C.P.I. Civil 503.06. Contracts - Issue of Common Law Remedy - Statement of Damages Issue**

The (state number) issue reads:

"What amount is the plaintiff entitled to recover from the defendant for breach of contract?"

If you have answered the (state number) issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach.

A person damaged by a breach of contract is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the contract.

**N.C.P.I. Civil 503.09. Contracts - Issue of Common Law Remedy - Damages in General**

Actual damages are the fair compensation to be awarded to a person for any past, present, or [future] economic injury resulting from a breach of contract.

In determining the amount, if any, you award the plaintiff, you will consider the evidence you have heard as to each of the following types of damages:  direct damages, incidental damages, and consequential damages.

I will now explain the law of damages as it relates to each of these.

**N.C.P.I. Civil 503.70. Contracts - Issue of Common Law Remedy - Incidental Damages**

To the amount of direct damages add all incidental damages, if any, sustained by the plaintiff.

Incidental damages include

costs or obligations reasonably incurred by the plaintiff in preparing to perform the plaintiff's responsibilities under the contract;

costs or obligations reasonably incurred by the plaintiff prior to being able to respond to defendant's breach;

costs or obligations reasonably incurred by the plaintiff in response to the defendant's breach; and,

costs or obligations reasonably incurred by the plaintiff for the purpose of minimizing the injury resulting from the defendant's breach].

In this case, the plaintiff contends, and the defendant denies, that the plaintiff sustained the following incidental damages (here enumerate the type(s) of incidental damages contended by the plaintiff and supported by the evidence):

*[List of types of damages sought by plaintiff to be added after evidence received]*

36

**N.C.P.I. Civil 503.73. Contracts - Issue of Common Law Remedy - Consequential Damages**

To the amount of direct damages add all consequential damages, if any, sustained by the plaintiff.

Consequential damages include any loss resulting from the plaintiff's circumstances of which the defendant knew or should have known at the time the parties entered into the contract, and which the plaintiff could not reasonably have prevented.

In this case, the plaintiff contends, and the defendant denies, that the plaintiff sustained the following consequential damages (here enumerate the type(s) of consequential damages contended by the plaintiff and supported by the evidence):

*[List of types of damages sought by plaintiff to be added after evidence received]*

**N.C.P.I. Civil 503.76. Contracts - Issue of Common Law Remedy - Future Worth of Damages In Present Value**

Any amount you allow as future damages for breach of contract must be reduced to its present value, because a smaller sum received now is equal to a larger sum received in the future.

(Notwithstanding, there is evidence before you that the calculation(s) of the plaintiff's future damages [has] [have] already been reduced to [its] [their] present value(s). Whether [it] [they] [has] [have] in fact been so reduced is for you to determine from the evidence using logic and common sense. Therefore, if you find that any type of future damage has already been reduced to its present value, you must not reduce it again.)

**N.C.P.I. Civil 503.79. Contracts - Issue of Common Law Remedy - Damages Mandate**

The plaintiff's damages are to be reasonably determined from the evidence presented. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the plaintiff by reason of the defendant's breach of contract, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

**FIFTH CLAIM – TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE**

**N.C.P.I. Civil 807.10. Wrongful Interference with Prospective Contract**

The (*state number*) issue reads:

"Did the defendant wrongfully interfere with a prospective contract between the plaintiff and *Pharma*?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, five things:

First, that but for the defendant's conduct, the plaintiff and Pharma would have entered into a valid contract.

Second, that the defendant had knowledge of the facts and circumstances associated with the plaintiff's prospective entry into a contract with Pharma.

Third, that the defendant maliciously induced Pharma not to enter into the prospective contract with the plaintiff.

Fourth, that the defendant acted without justification.

And fifth, the defendant's actions resulted in actual damages to the plaintiff.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant wrongfully interfered with a prospective contract between the plaintiff and Pharma, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

**SIXTH CLAIM – LANHAM ACT [To Be added by supplement]**


**Descriptiveness Defense[to be added by supplement]**

**Priority Defense[to be added by supplement]**

## SEVENTH CLAIM – UNFAIR COMPETITION – NC LAW

### N.C.P.I. Civil 813.21. Trade Regulation - Violation - Issue of Unfair Methods of Competition and Unfair or Deceptive Acts or Practices

Note Well: Determining what constitutes an unfair(fn2)or deceptive(fn3)trade practice is an issue of law for the judge.(fn4)

The only question of fact to be determined by the jury in connection with this issue is whether the defendant actually did what he is alleged to have done.(fn5)Special interrogatories should be submitted to the jury on each of these questions of fact.(fn6)Good faith and lack of willfulness are irrelevant.(fn7)

The (state number) issue reads:

"Did the defendant do (at least one of) the following: (here state in special interrogatories the acts of the defendant which allegedly violate G.S. § 75-1.1)?"

*[to be determined after the evidence is received]*

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant did (at least one of) the act(s) as contended by the plaintiff. In this case the plaintiff contends, and the defendant denies, that the defendant: (State the alleged acts of the defendant which plaintiff contends violate G.S. § 75-1.1). (fn8)

*[to be determined after the evidence is received.]*

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant did (at least one of) the act(s) contended by the plaintiff, then you would answer "Yes" in the space beside each act so found.

If, on the other hand, you fail to so find, then you would answer "No" in the space provided.

**N.C.P.I. Civil 813.62. Trade Regulation - Commerce - Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts Or Practices**

The (state number) issue reads:

"Was the defendant's conduct in commerce or did it affect commerce?"

You will answer this issue only if you have found in the plaintiff's favor on the preceding issue. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant's conduct was either "in commerce" or that it "affected commerce."

Conduct is "in commerce" when it involves a business activity.

Conduct "affects commerce" whenever a business activity is adversely and substantially affected.

A "business activity" is the way a business conducts its regular, day-to-day activities or affairs or whatever other activities the business regularly engages in and for which it is organized.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant's conduct was "in commerce" or that it "affected commerce," then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find then it would be your duty to answer this issue "No" in favor of the defendant.

**N.C.P.I. Civil 813.70. Trade Regulation - Proximate Cause - Issue of Proximate Cause**

The (*state number*) issue reads:

"Was the defendant's conduct a proximate cause of the injury to the plaintiff's business?"

You will answer this issue only if you have found in the plaintiff's favor on the (*state number*) issue*(s)*.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that the plaintiff's business has been injured, and

Second, that the defendant's conduct was a proximate cause of the injury to the plaintiff's business.

Proximate cause is a cause which in a natural and continuous sequence produces the injury, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's conduct was the sole proximate cause of the injury to the plaintiff's business. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's conduct was a proximate cause.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff's business has been injured, and that the defendant's conduct proximately caused the injury to the plaintiff's business, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

**N.C.P.I. Civil 813.80. TRADE REGULATION-DAMAGES-ISSUE OF DAMAGES.**

The (*state number*) issue reads:

"In what amount has the business of the plaintiff been injured?"

If you have answered all the preceding issues "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of the defendant.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages sustained, if any, as a result of the injury to Plaintiff's business].

Such damages would include any loss in profits suffered by the plaintiff.

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of the injury to Plaintiff's business in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. An award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. However, you may not award any damages based upon mere speculation or conjecture.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, the amount of actual damages sustained by the plaintiff by reason of the injury to Plaintiff's business, then it would be your duty to write that amount in the blank space provided. If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

45

46

**FIRST COUNTERCLAIM – BREACH OF CONTRACT**

**N.C.P.I. Civil 502.00. Contracts - Issue of Breach by Non-Performance**

The (state number) issue reads:

"Did the Plaintiff DDI breach the contract?

*Defendant TaiDoc contends that DDI breached the contract by:*

*Manufacturing competing products*

*Selling competing products supplied by a third party*

*Failing to use best efforts to develop the largest market for the Contracted Model Designs*

*Failing to timely make payments in accordance with Paragraph 10 of the Agreement*

*Taking for its own use and disclosing confidential information and trade secrets to third parties in violation of confidentiality obligations (which it concealed from Taidoc)*

*Disclosing confidential terms of the Agreement to third parties in violation of confidentiality obligations*

*Failing to pay all outstanding monies on termination in accordance with the Agreement's acceleration clause*

*Improperly obtaining, using and disclosing to third parties TaiDoc's trade secrets, intellectual property and other confidential information*

*Manufacturing and/or selling competing products*

*Contracting with third parties to manufacture competing products*

On this issue the burden of proof is on Defendant TaiDoc. This means that TaiDoc must prove, by the greater weight of the evidence, two things:

First, that the time had come for the defendant to perform or abide by a material term of the contract. This means that, at the time of the alleged breach there were no conditions precedent to the PLAINTIFF'S obligation to perform.

A condition precedent is a requirement that some act or event occur or not occur before a party to a contract becomes obligated to perform. A condition precedent may be written, oral, or implied from the circumstances.

47

Second, that the PLAINTIFF failed to perform or abide by a material term of the contract. A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold assent or to bargain for a substantially different term. Not every term in a contract is material. A party's failure to perform or abide by a term that is not material is not a breach of contract. In determining whether a term is material, you may consider the following factors:

the subject matter and purpose of the contract;

the intentions of the parties;

the scope of performance reasonably expected by each party;

the prior dealings of the parties;

any custom, practice or usage so commonly known to other reasonable persons, in similar situations, that the parties knew or should have known of its existence.

In this case the DEFENDANT contends, and the PLAINTIFF denies, that there were no conditions precedent to the PLAINTIFF'S obligation to perform.

The DEFENDANT further contends, and the PLAINTIFF denies, that the PLAINTIFF failed to perform or abide by a material term of the contract by:

*Manufacturing competing products*

*Selling competing products supplied by a third party*

*Failing to use best efforts to develop the largest market for the Contracted Model Designs*

*Failing to timely make payments in accordance with Paragraph 10 of the Agreement*

*Taking for its own use and disclosing confidential information and trade secrets to third parties in violation of confidentiality obligations (which it concealed from Taidoc)*

*Disclosing confidential terms of the Agreement to third parties in violation of confidentiality obligations*

*Failing to pay all outstanding monies on termination in accordance with the Agreement's acceleration clause*

*Improperly obtaining, using and disclosing to third parties TaiDoc's trade secrets, intellectual property and other confidential information*

*Manufacturing and/or selling competing products*

48

*Contracting with third parties to manufacture competing products*

Finally, as to the (state number) issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence that the PLAINTIFF breached the contract, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**N.C.P.I. Civil 503.06. Contracts - Issue of Common Law Remedy - Statement of Damages Issue**

The (state number) issue reads:

"What amount is the DEFENDANT entitled to recover from the PLAINTIFF for breach of contract?"

If you have answered the (state number) issue "Yes" in favor of the DEFENDANT, the DEFENDANT is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The DEFENDANT may also be entitled to recover actual damages. On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach.

A person damaged by a breach of contract is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the contract.

50

**N.C.P.I. Civil 503.09. Contracts - Issue of Common Law Remedy - Damages in General**

Actual damages are the fair compensation to be awarded to a person for any past, present, or future economic injury resulting from a breach of contract.

In determining the amount, if any, you award the DEFENDANT, you will consider the evidence you have heard as to each of the following types of damages:  direct damages, incidental damages, and consequential damages.

I will now explain the law of damages as it relates to each of these.

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 51 of 91

**N.C.P.I. Civil 503.70. Contracts - Issue of Common Law Remedy - Incidental Damages**

To the amount of direct damages add all incidental damages, if any, sustained by the DEFENDANT.

Incidental damages include

costs or obligations reasonably incurred by the DEFENDANT in preparing to perform the DEFENDANT'S responsibilities under the contract;

costs or obligations reasonably incurred by the DEFENDANT prior to being able to respond to PLAINTIFF'S breach;

costs or obligations reasonably incurred by the DEFENDANT in response to the PLAINTIFF'S breach; and,

costs or obligations reasonably incurred by the DEFENDANT for the purpose of minimizing the injury resulting from the PLAINTIFF'S breach.

In this case, the DEFENDANT contends, and the PLAINTIFF denies, that the DEFENDANT sustained the following incidental damages:

*[List of types of damages sought by plaintiff to be added]*

**N.C.P.I. Civil 503.73. Contracts - Issue of Common Law Remedy - Consequential Damages**

To the amount of direct damages add all consequential damages, if any, sustained by the DEFENDANT.

Consequential damages include any loss resulting from the DEFENDANT'S circumstances of which the PLAINTIFF knew or should have known at the time the parties entered into the contract, and which the DEFENDANT could not reasonably have prevented.

In this case, the DEFENDANT contends, and the PLAINTIFF Denies, that the plaintiff sustained the following consequential damages:

*[List of types of damages sought by plaintiff to be added]*

**N.C.P.I. Civil 503.76. Contracts - Issue of Common Law Remedy - Future Worth of Damages In Present Value**

Any amount you allow as future damages for breach of contract must be reduced to its present value, because a smaller sum received now is equal to a larger sum received in the future.

(Notwithstanding, there is evidence before you that the calculation(s) of the DEFENDANT'S future damages [has] [have] already been reduced to [its] [their] present value(s). Whether [it] [they] [has] [have] in fact been so reduced is for you to determine from the evidence using logic and common sense. Therefore, if you find that any type of future damage has already been reduced to its present value, you must not reduce it again.)

**N.C.P.I. Civil 503.79. Contracts - Issue of Common Law Remedy - Damages Mandate**

The DEFENDANT'S damages are to be reasonably determined from the evidence presented. The DEFENDANT is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the DEFENDANT should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to the (*state number*) issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the DEFENDANT by reason of the PLAINTIFF'S breach of contract, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

55

**SECOND COUNTERLCLAIM – DECLARATORY JUDGMENT FOR NON-INFRINGEMENT – [To Be Added By Supplement]**

**THIRD COUNTERCLAIM – FEDERAL UNFAIR COMPETITION [To Be Added By Supplement]**

**FOURTH COUNTERCLAIM – DJ FOR TERMINATION OF AGREEMENT [To Be Added By Supplement]**

**FIFTH COUNTERCLAIM – FEDERAL FALSE ADVERTISING [To Be Added By Supplement]**

**SIXTH COUNTERCLAIM – MISAPPROPRIATION OF TRADE SECRETS (Dismissed 3/9/12)**

## SEVENTH COUNTERCLAIM – UNJUST ENRICHMENT

### N.C.P.I. Civil 736.00. Quantum Meruit - Quasi Contract - Contract Implied at Law

NOTE WELL: Quantum meruit is not an appropriate remedy when there is an actual agreement between the parties because an express contract precludes an implied contract with reference to the same matter.(fn1)

This issue reads:

"Did the DEFENDANT provide goods, services and access to confidential information to the PLAINTIFF under such circumstances that the defendant should be required to pay for?

*Defendant contends that Plaintiff received and retained a benefit by acquiring TaiDoc's technology and confidential information through improper means, which DDI then used for its own benefit and was thereby unjustly enriched. DDI denies that it was unjustly enriched by its use of TaiDoc's confidential information and techonology.*

The burden of proof on this issue is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, the following six things:

First, that the DEFENDANT did provide goods, services and access to confidential information to PLAINTIFF.

Second, that the goods, services and confidential information had some value to the defendant.

Third, that at the time the goods, services and access to confidential information were provided, the DEFENDANT expected payment. The law presumes that a person expects to be paid whenever he renders a service a service or delivers goods *or information*, unless he does so as a gift, or in repayment or satisfaction of a debt or obligation. All of the circumstances existing at the time, including the relationship between the plaintiff and defendant, and their present or previous dealings, should be considered. Furthermore, the DEFENDANT'S expectation to be paid must arise at the time the goods, services and access to confidential information were provided to or obtained by the PLAINTIFF, and not thereafter.

Fourth, that the DEFENDANT'S expectation of payment was reasonable. A person's expectation of payment is reasonable when, under all the facts and circumstances existing at the time, a person of ordinary prudence and intelligence would have expected to be paid.

Fifth, that the PLAINTIFF received the DEFENDANT'S goods, services and confidential information with the knowledge or reason to know that the DEFENDANT expected to be paid. To "know" something requires actual knowledge of it. A person "has reason to know" something when the circumstances existing at the time are such that a reasonable person at the time would have acquired knowledge of it.

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 57 of 91

And Sixth, the PLAINTIFF voluntarily accepted the goods, services and access to confidential information that is, that he kept such goods, services and information after having a realistic opportunity to refuse or return them to the DEFENDANT.

So I instruct you that if the DEFENDANT has proved, by the greater weight of the evidence, that it proviced goods and services and that PLAINTIFF OBTAINED confidential information and that the goods, services and confidential information had some value to the PLAINTIFF, and that the DEFENDANT expected to be paid at the time the goods and services were delivered and the confidential information was obtained, and that the DEFENDANT'S expectation of payment was reasonable, and that the PLAINTIFF received the goods, services and information with knowledge or reason to know that the DEFENDANT expected to be paid, and that the PLAINTIFF voluntarily accepted the goods, services and confidential information, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

On the other hand, if after considering all the evidence, you are not so persuaded, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**N.C.P.I. Civil 736.01. Quantum Meruit - Quasi Contract - Contract Implied at Law: Measure of Recovery.1**

This issue reads:

"What amount is DEFENDANT entitled to recover from PLAINTIFF?"

You will answer this issue only if you have answered the (state number) issue in favor of the DEFENDANT.

If you have answered this first issue "Yes," DEFENDANT is entitled to at least a nominal amount. A nominal amount is a trivial sum such as one dollar which shows that DEFENDANT is, in fact, entitled to recover from defendant.

To recover more than a nominal amount, however, the burden of proof is on the DEFENDANT to prove, by the greater weight of the evidence, the reasonable value of the goods, services and access to confidential information to the PLAINTIFF.

In deciding what is the reasonable value of DEFENDANT'S goods, services and access to confidential information, you may not consider the PLAINTIFF'S financial condition. Nor may you speculate as to the value of the goods, services and access to confidential information based upon your own experience. You must consider only that evidence presented to you which bears on the reasonable value of the goods, services and access to confidential information actually realized and retained by the PLAINTIFF.

So I instruct you that if the plaintiff has proved, by the greater weight of the evidence, the reasonable value of the [(describe services rendered)] [(describe goods delivered)], you will answer this issue by writing the amount in the blank space provided.

On the other hand, if after considering all the evidence, you are not so persuaded then you should answer this issue by writing "zero" or a nominal amount such as "One Dollar" in the blank space provided.

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 59 of 91

**EIGHTH COUNTERCLAIM - FRAUD**

**N.C.P.I. Civil 800.00. Fraud.**

The (state number) issue reads:

"Was the DEFENDANT damaged by the fraud of the PLAINTIFF?"

On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, six things:(fn2)

First, that the PLAINTIFF, ABDULAH AND ADMANI made a false representation or concealed a material past or existing fact.

*Defendant contents that plaintiff, Abdulah and Admani misrepresented that:*

*they would abide by the First and Second Addendum;*

*they would make all payments under the Agreement as amended;*

*they would keep TaiDoc's trade secrets and intellectual property confidential when they had no intention of doing so;*

*their need for TaiDoc to file a 510(k) on DDI's behalf in order to give DDI an advantage over its competitors, when their real intention was to acquire, use and disclose TaiDoc's trade secrets to third parties, including OK Biotech, for their own use and to harm TaiDoc;*

*they wanted to tour TaiDoc's restricted lab as a trusted and preferred distributor when their real intent was to acquire, use and disclose TaiDoc's trade secrets to third parties, including OK Biotech, to harm TaiDoc;and*

*they concealed, failed and refused to disclose their real intentions to misappropriate TaiDoc's trade secrets, when they had a duty to speak, in order to harm TaiDoc.*

A statement of opinion, belief, recommendation, future prospects or a promise ordinarily is not a representation of fact. However, a promise can be a false representation of fact if, at the time it is made, the person making the promise has no intention of carrying it out.

A concealment occurs when a person fails to disclose that which, under the circumstances, he should disclose. A person has a duty to disclose all facts material to a transaction or event where he is a fiduciary, he has made a partial or incomplete representation, he is specifically questioned about them or *has contractually agreed to a special relationship of trust and confidence concerning confidentiality of shared information.*

Second, that the false representation or concealment was reasonably calculated to deceive. A representation is calculated to deceive when the person who makes it knows it to be false, or makes it recklessly, without any knowledge of its truth or falsity, as a positive assertion. A concealment is calculated to deceive when the person who makes it knows there is a duty to disclose, or is recklessly indifferent to a duty to disclose.

Third, that the false representation was made or the concealment was done with the intent to deceive and with the intent that it be acted upon.

Fourth, that the DEFENDANT was, in fact, deceived by the false representation or concealment and acted upon it.

Fifth, that the DEFENDANT'S reliance upon the false representation or concealment was reasonable. The DEFENDANT'S reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for his own welfare, would have relied on the false representation or would not have discovered the concealment.

And Sixth, that the DEFENDANT suffered damages proximately caused by the PLAINTIFF'S false representation or concealment.

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.

There may be more than one proximate cause of damage. Therefore the DEFENDANT need not prove that the PLAINTIFF'S false representation or concealment was the sole proximate cause of the DEFENDANT'S damages. The DEFENDANT must prove, by the greater weight of the evidence, only that the PLAINTIFF'S false representation or concealment was a proximate cause.

Finally, as to the (state number) issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence that the PLAINTIFF made a false representation of or concealed a past or existing material fact, that the false representation or concealment was reasonably calculated to deceive, that the false representation was made or concealment was done with the intent to deceive and with the intent that it be acted upon, that the DEFENDANT was deceived by the false representation or concealment and acted upon it, that the DEFENDANT'S reliance upon the false representation or concealment was reasonable, and that the DEFENDANT suffered damages proximately caused by the false representation or concealment, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**N.C.P.I. Civil 800.07. Fraud: Damages**

The (state number) issue reads:

"What amount is the DEFENDANT entitled to recover from the PLAINTIFF as damages for fraud?"

If you have answered the (*state number*) issue "Yes" in favor of the DEFENDANT, then the DEFENDANT is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The DEFENDANT may also be entitled to recover actual damages. On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, the amount of actual damages caused by the fraud of the PLAINTIFF, ABULHAJ, AND ADMANI.

Damages recoverable for fraud consist of the amount of money that, in so far as possible, will put the DEFENDANT in the same position or condition as if the fraud had not occurred. That amount may include the difference between the value of what was received and the value of what was promised. Thus, a person acquiring property by virtue of a commercial transaction, who has been defrauded by a false representation or concealment, may recover as damages the difference between the actual value of the property at the time of the transaction and the value it would have had if the representation[s] had been true. [That amount may also include financial or monetary loss suffered otherwise by the plaintiff as a result of the fraud.

The DEFENDANT'S damages are to be reasonably determined from the evidence presented. Your award must be fair and just. You may not award any damages based upon speculation or conjecture.

Finally, as to the (*state number*) issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages caused by the fraud of the PLAINTIFF, ABDULHAJ, AND ADMANI, then it would be your duty to write that number in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as one dollar in the blank space provided.

**NINTH COUNTERCLAIM – UNFAIR DECEPTIVE TRADE PRACTICES NC LAW**

**N.C.P.I. Civil 813.21. Trade Regulation - Violation - Issue of Unfair Methods of Competition and Unfair or Deceptive Acts or Practices**

G.S. § 75-1.1.(fn1)

Note Well: Determining what constitutes an unfair or deceptive rade practice is an issue of law for the judge.

The only question of fact to be determined by the jury in connection with this issue is whether the defendant actually did what he is alleged to have done.(fn5)Special interrogatories should be submitted to the jury on each of these questions of fact.(fn6)Good faith and lack of willfulness are irrelevant.

The (state number) issue reads:

"Did the PLAINTIFF do at least one of the following?"

*DDI improperly acquired, used and disclosed to third parties, TaiDoc's trade secrets, intellectual property and confidential information to compete with TaiDoc.*

*DDI manufactured, advertised, marketed and sold unauthorized test strips, not manufactured by TaiDoc, for use in TaiDoc manufactured meters.*

*DDI placed a large order TaiDoc without any intent to take delivery of Products or pay for products.*

*DDI made false statements about TaiDoc to the effect that TaiDoc's products were of poor quality and that DDI rejected six out of every ten of TaiDoc's shipments to DDI.*

On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, that the PLAINTIFF did (at least one of) the act(s) as contended by the DEFENDANT. In this case the DEFENDANT contends, and the PLAINTIFF denies, that the PLAINTIFF:

*DDI improperly acquired, used and disclosed to third parties, TaiDoc's trade secrets, intellectual property and confidential information to compete with TaiDoc.*

*DDI manufactured, advertised, marketed and sold unauthorized test strips, not manufactured by TaiDoc, for use in TaiDoc manufactured meters.*

*DDI placed a large order TaiDoc without any intent to take delivery of Products or pay for products.*

*DDI made false statements about TaiDoc to the effect that TaiDoc's products were of poor quality and that DDI rejected six out of every ten of TaiDoc's shipments to DDI.*

Finally, as to this issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence that the PLAINTIFF did at least one of the act(s) contended by the DEFENDANT, then you would answer "Yes" in the space beside each act so found.

If, on the other hand, you fail to so find, then you would answer "No" in the space provided.

**N.C.P.I. Civil 813.62. Trade Regulation - Commerce - Unfair and Deceptive Methods of Competition and Unfair or Deceptive Acts Or Practices**

The (state number) issue reads:

"Was the PLAINTIFF'S conduct in commerce or did it affect commerce?"

You will answer this issue only if you have found in the DEFENDANT'S favor on the preceding issue. On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, that the PLAINTIFF'S conduct was either "in commerce" or that it "affected commerce."

Conduct is "in commerce" when it involves a business activity.

Conduct "affects commerce" whenever a business activity is adversely and substantially affected.

A "business activity" is the way a business conducts its regular, day-to-day activities or affairs such as the purchase or sale of goods, or whatever other activities the business regularly engages in and for which it is organized.

Finally, as to this issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence that the PLAINTIFF'S conduct was "in commerce" or that it "affected commerce," then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**TENTH COUNTERCLAIM – LIBEL PER SE**

**N.C.P.I. Civil 806.50. Defamation-Libel Per Se – Private Figure – Not a Matter of Public Concern**

The (state number) issue reads:

"Did the PLAINTIFF libel the DEFENDANT?"

On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, four things:

First, that the PLAINTIFF wrote or printed or caused to be printed the following statement about the DEFENDANT:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

Second, that the PLAINTIFF published the statement. "Published" means that the defendant knowingly communicated the statement or distributed the statement so that it reached one or more persons other than the DEFENDANT. Communicating the statement or Distributing the statement to the DEFENDANT alone is not sufficient.

Third, that the statement was false.

Fourth, that at the time of the publication, the PLAINTIFF either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Finally, as to this issue on which the DEFENDANT has the burden of proof, if you find, by the greater weight of the evidence, that the PLAINTIFF wrote or printed the following statement about the DEFENDANT:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

that the PLAINTIFF published the statement, that the statement was false, and that, at the time of the publication, the PLAINTIFF either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

66

**N.C.P.I. Civil 806.81. Defamation Actionable Per Se – Private Figure – Not Matter of Public Concern – Presumed Damages**

"What amount of presumed damages is the DEFENDANT entitled to recover?"

You will consider this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the DEFENDANT.

If you have answered Issue Number (*state issue number)* "Yes," the DEFENDANT is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the libelous statement. Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be specifically proved by evidence. This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award *him* damages for such harm because such harm is presumed by the law when a defendant publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the PLAINTIFF'S publication of the libelous statement. However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense,[9] award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of the libel of the DEFENDANT by the PLAINTIFF.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue, if you have answered Issue Number *(state issue number)* "Yes" in favor of the DEFENDANT, then you will answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to award the plaintiff under the instructions I have given you.

**N.C.P.I. Civil 806.51. Defamation – Libel Actionable Per Se – Private Figure – Matter of Public Concern**

*NOTE WELL: This instruction(fn1) applies when the trial judge has determined as a matter of law(fn2) that: (1) the statement is libelous(fn3) on its face;(fn4) (2) the plaintiff is a private figure and (3) the subject matter of the statement is of public concern.(fn5)*

*NOTE WELL: A "Yes" answer to this issue entitles the plaintiff to an instruction on actual damages if proof is offered. Presumed and punitive damages are only allowed upon a showing of actual malice. See N.C.P.I. Civil 806.82 & 806.85; see generally N.C.P.I.--Civil 806.40, nn.12, 26, 29, 30 and accompanying text.*

The (*state number*) issue reads:

"Did the PLAINTIFF libel the DEFENDANT?"

On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, four things:

First, that the PLAINTIFF wrote or printed caused to be printed the following statement about the plaintiff:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

Second, that the PLAINTIFF published the statement. "Published" means that the defendant knowingly communicated the statement or distributed the statement so that it reached one or more persons other than the DEFENDANT. Communicating the statement or Distributing the statement to the DEFENDANT alone is not sufficient.

Third, that the statement was false.

Fourth, that, at the time of the publication, the PLAINTIFF either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Finally, as to this issue on which the DEFENDANT has the burden of proof, if you find, by the greater weight of the evidence, that the PLAINTIFF wrote or printed the following statement about the DEFENDANT:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

that the PLAINTIFF published the statement, that the statement was false, and that, at the time of the publication, the defendant either knew the statement was false or failed to exercise

69

ordinary care in order to determine whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**N.C.P.I. Civil 806.82. Defamation Actionable Per Se – Private Figure – Matter of Public concern – Presumed Damages**

Part One: "Did the PLAINTIFF publish the libelous statement with actual malice?"

Part Two: "If so, what amount of presumed damages is the DEFENDANT entitled to recover?"

You will consider this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the DEFENDANT.

On Part One of this issue, the burden of proof is on the DEFENDANT to prove by clear, strong and convincing evidence that the PLAINTIFF published the libelous statement with actual malice.

Clear, strong and convincing evidence is evidence that, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Actual malice means that, at the time of the publication of the libelous statement, the PLAINTIFF either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.

As to Part One of this issue on which the DEFENDANT has the burden of proof, if you find by clear, strong and convincing evidence that the PLAINTIFF published the libelous statement with actual malice, then it would be your duty to write "Yes" in the first blank space provided and then proceed to consider Part Two of this issue. On the other hand, if you fail to find by clear, strong and convincing evidence that the PLAINTIFF published the libelous statement with actual malice, then it would be your duty to write "No" in the first blank space provided and you would not consider this issue further.

If you find by clear, strong and convincing evidence that the PLAINTIFF published the libelous statement with actual malice, then the DEFENDANT under Part Two of this issue is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the libelous statement. Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be specifically proved by evidence. This means you need not have proof that the DEFENDANT suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award *him* damages for such harm. The law presumes such harm

when a PERSON publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the DEFENDANT has suffered or will suffer in the future as a result of the PLAINTIFF'S publication of the libelous statement. However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the DEFENDANT presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense, award the DEFENDANT presumed damages in an amount that will compensate the DEFENDANT, as far as money can do, for injury that you find is a direct and natural consequence of the libel of the DEFENDANT by the PLAINTIFF.

I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

As to Part Two of this issue, if in Part One you have found by clear, strong and convincing evidence that the PLAINTIFF published the statement with actual malice, then you shall answer Part Two by writing in the second blank space provided that amount of presumed damages which you have determined to award the DEFENDANT under the instructions I have given you. However, if in Part One you have failed to find by clear, strong and convincing evidence that the PLAINTIFF published the statement with actual malice, then you will not consider in Part Two whether to award the DEFENDANT presumed damages and will leave the second space blank.

**N.C.P.I. Civil 806.84. Defamation – Private Figure – Matter of Public Concern – Actual Damages**

"What amount of actual damages is the DEFENDANT entitled to recover?"

You will answer this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the DEFENDANT.

The burden of proof on this issue is on the DEFENDANT to prove by the greater weight of the evidence that, as a result of the PLAINTIFF'S publication of the libelous statement, the DEFENDANT suffered actual damages. Actual damages include pecuniary damages and actual harm damages.

Pecuniary damages are tangible monetary losses, such as lost income or other direct financial harm. You may award pecuniary damages to the extent you find the DEFENDANT has suffered such tangible monetary losses. Emotional distress and mental suffering alone do not prove monetary loss.

Actual harm damages include such things as impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. You may award actual harm damages to the extent you find the DEFENDANT has suffered such actual injury.

You may compensate the DEFENDANT only once for any injury. Thus, if you award presumed damages to the DEFENDANT, you may not award additional amounts to the DEFENDANT as actual harm damages to the extent you have already awarded the DEFENDANT presumed damages for the same injury. You may award as actual harm damages only such amount as compensates the DEFENDANT for injuries that the DEFENDANT has proved it suffered and for which it has not otherwise been compensated by your verdict on other damages.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to actual damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence that the DEFENDANT suffered actual damages as a result of the PLAINTIFF'S publication of the libelous statement, then it would be your duty to answer this issue in favor of the DEFENDANT and to write in the blank space provided the monetary amount of such actual damages you find the DEFENDANT has suffered.

If, on the other hand, you do not find that the DEFENDANT has suffered actual damages, then it would be your duty to answer this issue in favor of the PLAINTIFF And write a "Zero" in the blank space provided.

**N.C.P.I. Civil 806.85. Defamation – Defamation Actionable Per Se – Private figure – Matter of Public Concern – Punitive Damages**

The (*state number*) issue reads:

"Did the PLAINTIFF publish the libelous statement with actual malice?"

You will answer this issue only if you have answered the (*state issue number)* "Yes" in favor of the DEFENDANT.

On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by clear, strong and convincing evidence, that the PLAINTIFF published the libelous statement with actual malice.

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Actual malice means that, at the time of the publication of the libelous statement, the PLAINTIFF either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the PLAINTIFF had serious doubts about whether the statement was true.

Finally, as to this issue on which the DEFENDANT has the burden of proof, if you find by clear, strong and convincing evidence that the PLAINTIFF published the libelous statement with actual malice, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**LIBEL PER QUOD INSTRUCTIONS (ALTERNATIVE)**

**N.C.P.I. Civil 806.60. Defamation – Libel Per Quod – Private Figure Not a Matter of Public Concern**

The (state number) issue reads:

"Did the PLAINTIFF libel the DEFENDANT?"

A libelous statement is one which tends to impeach or prejudice or discredit or reflect unfavorably upon a person *or business* in that person's or *businesses'* trade or profession.

On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT must prove, by the greater weight of the evidence, seven things:

First, that the PLAINTIFF wrote or printed the following statement about the plaintiff:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

Second, that the PLAINTIFF published the statement. "Published" means that the PLAINTIFF knowingly communicated the statement or distributed the statement so that it reached one or more persons other than the DEFENDANT. Communicating the statement or Distributing the statement to the DEFENDANT alone is not sufficient.

Third, that the statement was false.

Fourth, that the PLAINTIFF intended the statement to impeach the DEFENDANT in his trade or profession.

Fifth, that the person other than the DEFENDANT to whom the statement was published reasonably understood the statement to impeach the DEFENDANT in his trade or profession.

Sixth, that at the time of the publication, the PLAINTIFF either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Seventh, that the DEFENDANT, as a result of the publication, suffered a monetary or economic loss.

Finally, as to this issue on which the DEFENDANT has the burden of proof, if you find, by the greater weight of the evidence, that the PLAINTIFF wrote or printed the following statement about the DEFENDANT:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

that the PLAINTIFF published the statement, that the statement was false, that the PLAINTIFF intended the statement to impeach the DEFENDANT in his trade or profession, that the person to whom the statement was published reasonably understood the statement to impeach the DEFENDANT in his trade or profession, that, at the time of the publication, the PLAINTIFF either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, and that the DEFENDANT, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**N.C.P.I. Civil 806.61. Defamation – Libel Actionable Per Quod – Private Figure Matter of Public Concern**

*NOTE WELL: This instruction(fn1) applies when the trial judge has determined as a matter of law(fn2) that: (1) the statement is subject to two interpretations, one of which is defamatory and one of which is not; or the statement is not libelous(fn3) on its face, but is capable of a defamatory meaning when extrinsic evidence is considered;(fn4) (2) the plaintiff is a private figure and (3) the subject matter of the statement is of public concern.(fn5)*

*NOTE WELL: A "Yes" answer to this issue entitles a plaintiff to an instruction on actual damages. Punitive damages are allowed only upon a showing of actual malice. See N.C.P.I. Civil-806.85; see generally, N.C.P.I.-Civil 806.40 ("Defamation-Preface"), nn.29 and 30 and accompanying text. Presumed damages are not available. See N.C.P.I.-Civil 806.40 ("Defamation-Preface"), nn.33 and 34 and accompanying text.*

The (*state number*) issue reads:

"Did the PLAINTIFF libel the DEFENDANT?"

A libelous statement is one which tends to impeach or prejudice or discredit or reflect unfavorably upon a person in that person's trade or profession.

On this issue the burden of proof is on the DEFENDANT. This means that the DEFNDANT must prove, by the greater weight of the evidence, seven things:

First, that the PLAINTIFF wrote or printed the following statement about the DEFENDANT:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

Second, that the PLAINTIFF published the statement. "Published" means that the PLAINTIFF knowingly communicated the statement or distributed the statement so that it reached one or more persons other than the DEFENDANT. Communicating the statement or Distributing the statement to the DEFENDANT alone is not sufficient.

Third, that the statement was false.

Fourth, that the PLAINTIFF intended the statement impeach the DEFENDANT in *his* trade or profession.

Fifth, that the person other than the DEFENDANT to whom the statement was published reasonably understood the statement to impeach the DEFENDANT in *his* trade or profession.

Sixth, that, at the time of the publication, the PLAINTIFF either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 77 of 91

care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Seventh, that the DEFENDANT, as a result of the publication, suffered a monetary or economic loss.

Finally, as to this issue on which the DEFENDANT has the burden of proof, if you find, by the greater weight of the evidence, that the PLAINTIFF wrote or printed the following statement about the DEFENDANT:

*Taidoc's products were of poor quality and that DDI rejected six out of every ten of Taidoc's shipments of product to DDI.*

that the PLAINTIFF published the statement, that the statement was false, that the PLAINTIFF intended the statement to impeach the DEFENDANT in his trade or profession, that the person to whom the statement was published reasonably understood the statement to impeach the DEFENDANT in his trade or profession, that, at the time of the publication, the PLAINTIFF either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, and that the DEFENDANT, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

78

**ELEVENTH COUNTERCLAIM – FRAUDULENT CONVEYANCE**

**N.C.P.I. Civil 814.50. Fraudulent Transfer - Present and Future Creditors - Intent to Delay, Hinder or Defraud**

**N.C.G.S. §39-23.4(a)(1).**

The (*state number*) issue reads:

'Was DDI's transfer of a majority of its assets to PDC, Admani and Abdulhaj a fraudulent transaction?'

On this issue the burden of proof is on the DEFENDANT. This means the DEFENDANT must prove, by the greater weight of the evidence, that PLAINTIFF DDI transferred the majority of its assets with intent to hinder, delay or defraud any of its creditors. In determining whether DDI had this intent, you may consider:

whether the transfer was to an insider,

whether (DDI) retained possession or control of the property after its transfer;

whether the transfer was disclosed or concealed;

whether (DDI) had been sued or threatened with suit before the transfer was made;

whether the transfer was of substantially all of DDI'S assets;

whether DDI absconded;

whether DDI removed or concealed assets;

whether the value of the consideration received by DDI was reasonably equivalent to the value of the assets transferred;

whether DDI was insolvent or became insolvent shortly after the transfer was made;

whether the transfer occurred shortly before or shortly after a substantial debt was incurred;

whether DDI transferred the essential assets of the business to a lien holder who transferred the assets to an insider of DDI;

whether DDI made the transfer without receiving reasonably equivalent value in exchange for the transfer, and DDI Reasonably should have believed that it would incur debts beyond its ability to pay them as they would become due;

whether DDI transferred the assets in the course of legitimate tax planning;

Finally, as to this (*state number*) issue on which the DEFENDANT has the burden of proof, if you find, by the greater weight of the evidence, that PLAINTIFF DDI'S transfer of the majority of its assets was a fraudulent transaction, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**N.C.P.I. Civil 814.65. Fraudulent Transfer - Present and Future Creditors - Lack of Reasonably Equivalent Value**

**G.S. §39-23.4(a)(2).**

The (*st*ate number) issue reads:

'Was DDI's transfer of the majority of its assets a fraudulent transaction?'

On this issue the burden of proof is on the plaintiff. This means that the DEFENDANT must prove, by the greater weight of the evidence, two things:

First, DDI transferred the majority of its assets without receiving a reasonably equivalent value in exchange for the transfer.

Second, DDI:

was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or

intended to incur or believed he would incur debts beyond his ability to pay them as they would become due.

Finally, as to this (state number) issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence that DDI's transfer of the majority of its assets was a fraudulent transaction, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**N.C.P.I. Civil 814.70. Fraudulent Transfer - Present Creditors - Insolvent Debtor and Lack of Reasonably Equivalent Value**

**G.S. §39-23.5(a).**

The (*st*ate number) issue reads:

'Was DDI'S transfer of the majority of its assets a fraudulent transaction?'

On this issue the burden of proof is on the DEFENDANT. This means that the DEFENDANT plaintiff must prove, by the greater weight of the evidence, three things:

First, DDI (name debtor) transferred the majority of its assets (name asset) without receiving a reasonably equivalent value in exchange for the transfer.

Second, DDI was insolvent at the time it transferred the majority of its assets or became insolvent as a result of the transfer.

A person is insolvent if the sum of his debts is greater than all of his assets at a fair valuation or if he is generally not paying his debts as they become due**.**

Third, before the transfer was made TaidDoc was a creditor of DDI.

Finally, as to this (state number) issue on which the DEFENDANT has the burden of proof, if you find by the greater weight of the evidence that DDI'S transfer of the majority of its assets was a fraudulent transaction, then it would be your duty to answer this issue "Yes" in favor of the DEFENDANT.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the PLAINTIFF.

**PUNITIVE DAMAGES**

**N.C.P.I. Civil 810.96. Punitive Damages - Liability of Defendant**

The (*state number*) issue reads:

"Is the PLAINTIFF liable to the DEFENDANT for punitive damages?"

(You are to answer this issue only if you have awarded the DEFENDANT relief in conjunction with (*state number(s) of plaintiff's issue(s)*).)**(fn2)**

On this issue the burden of proof is on the DEFENDANT to prove three things. The DEFENDANT must prove the first thing by clear and convincing evidence. Clear and convincing evidence is evidence which, in its character and weight, establishes what the DEFENDANT seeks to prove in a clear and convincing fashion. You shall interpret and apply the words "clear" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Thus, the first thing the plaintiff must prove, by clear and convincing evidence, is the existence of **fraud, malice, willful or wanton conduct**.

Fraud means a false representation of material fact made by the defendant with intent to deceive which was reasonably calculated to deceive and which did, in fact, deceive and damage the plaintiff because of *his* reasonable reliance on it.

Malice means a sense of personal ill will toward the plaintiff that activated or incited the defendant to perform the act or undertake the conduct that resulted in harm to the plaintiff.

Willful or wanton conduct means the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm. Willful or wanton conduct means more than gross negligence.

The plaintiff must prove the second and third things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. These second and third things are:

Second, that the **fraud, malice, willful or wanton conduct** was related to the injury to the DEFENDANT for which you have already awarded relief.

And Third, that the **defendant's officers, directors or managers participated in or condoned] the fraud, malice, willful or wanton conduct**.

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 83 of 91

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the standards herein explained that the defendant is liable to the plaintiff for punitive damages, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer "No" in favor of the defendant.

**N.C.P.I. Civil 810.98. Punitive Damages - Issue of Whether to Make Award and Amount of Award**

The (*state number*) issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the DEFENDANT?"

You are to answer this issue only if you have answered the (*state number issue*) "Yes" in favor of the DEFEMDAMT.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the DEFENDANT for *his* injury or damage, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the PLAINTIFF for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

the reprehensibility of the defendant's motives and conduct;

the likelihood, at the relevant time, of serious harm to the DEFENDANT or others similarly situated;

the degree of the PLAINTIFF'S awareness of the probable consequences of its conduct;

the duration of the defendant's conduct;

the actual damages suffered by the plaintiff;

any concealment by the defendant of the facts or consequences of *his* conduct;

the existence and frequency of any similar past conduct by the defendant;

whether the defendant profited by the conduct;

the defendant's ability to pay punitive damages, as evidenced by *his* revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the DEFENDANT an amount which bears a rational relationship to the sum reasonably needed to punish the PLAINTIFF for egregiously wrongful acts and to deter the PLAINTIFF and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the DEFENDANT any amount, then you should write the word "None" in the space provided on the verdict sheet.

**OTHER MISCELLANEOUS INSTRUCTIONS**

**N.C.P.I. Civil 101.39. Evidence - Spoliation by a Party**

When evidence has been received which tends to show that (*describe despoiled evidence*) was (1) in the exclusive possession of the [plaintiff] [defendant], (2) has been [lost] [misplaced] [suppressed] [destroyed] [corrupted] and (3) that the [plaintiff] [defendant] had notice of the [plaintiff's] [defendant's] [potential](fn2) [claim] [defense], you may infer, though you are not compelled to do so,(fn3) that (*describe despoiled evidence*) would be damaging to the [plaintiff] [defendant].(fn4) You may give this inference such force and effect as you determine it should have under all of the facts and circumstances.(fn5)

[The inference is permitted even in the absence of evidence that the [plaintiff] [defendant] acted intentionally, negligently or in bad faith.](fn6)

[No inference is permitted if you find that [(*describe despoiled evidence*) was equally accessible to both parties] [there is a fair, frank and satisfactory explanation for the failure to produce the (*describe despoiled evidence*)].(fn7)

## FOOTNOTES

FOOTNOTE 1 "[T]he well-established principle of 'spoliation of evidence'" is described as follows: "'where a party fails to introduce in evidence documents that are relevant to the matter in question and within his control . . . there is . . . an inference that the evidence withheld, if forthcoming, would injure his case.'" *McLain v. Taco Bell Corp.*, 137 N.C. App. 179, 183, 527 S.E.2d 712, 715 (2000), *review denied*, 352 N.C. 357, 544 S.E.2d 563 (2000) (citations omitted).

FOOTNOTE 2

While notice of the importance of certain documents may ordinarily be derived from institution of suit, "the obligation to preserve evidence even arises prior to the filing of a complaint where a party is on notice that litigation is likely to be commenced," and the "spoliator [must] do . . . what is reasonable under the circumstances."

*McLain*, 137 N.C. App. at 187, 527 S.E.2d at 718 (citations omitted).

FOOTNOTE 3 *See Holloway v. Tyson Foods, Inc.*, __ N.C. App. __, __, 668 S.E.2d 72, 75 (2008) (stating that "even if a party presents evidence of spoliation sufficient to give rise to an adverse inference, that inference 'is permissive, not mandatory.'" (citation omitted)).

FOOTNOTE 4 "[T]he inference does not . . . 'shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case[.]'" *Panos v. Timco Engine Ctr., Inc.*, __ N.C. App. __, __, 677 S.E.2d 868, 876 (2009) (citation omitted). Because the inference "is permissive, not mandatory[,] . . . it is improper to base the grant or denial of a motion for summary judgment on evidence of spoliation. It is not an issue to be decided as a

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 87 of 91

matter of law, and cannot, by its mere existence, be determinative of a claim." *Id*. at __, 677 S.E.2d at 876-77 (citations and internal quotations omitted).

FOOTNOTE 5 *Arndt v. First Union Nat'l Bank*, 170 N.C. App. 518, 527, 613 S.E.2d 274, 281 (2005); *McLain*, 137 N.C. App. at 184, 527 S.E.2d at 716-17.

FOOTNOTE 6 *Arndt*, 170 N.C. App. at 527, 613 S.E.2d at 281.

FOOTNOTE 7 *See McLain*, 137 N.C. App. at 184, 527 S.E.2d at 716.

**Electronic NC Pattern Jury Instructions - Copyright CX Corporation, 1995-2011**

Case 3:08-cv-00149-MOC   Document 232   Filed 03/10/12   Page 89 of 91

DATED March 10, 2012       RYDER, LU, MAZZEO & KONIECZNY LLC

By:     /s Kao Lu                   
Kao Lu, *pro hac vice*
Frank A. Mazzeo, *pro hac vice*
Bradley R. Slenn, *pro hac vice*
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
klu@ryderlu.com
fmazzeo@ryderlu.com
bslenn@ryderlu.com

ERWIN, BISHOP, CAPITANO & MOSS, P.A.
J. Daniel Bishop (N.C. State Bar No. 17333)
Joseph W. Moss, Jr. (N.C. State Bar No. 20236)
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Phone: (704) 716-1200
Facsimile: (704) 716-1201
Dbishop@bcandm.com

*Counsel for Defendant TaiDoc Technology Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2012, I electronically filed this PROPOSED JURY INSTRUCTIONS using the CM/ECF system which will send notification of such filing to the following:

> Richard B. Fennell (rfennell@jmdlaw.com)
> Jared E. Gardner (jgardner@jmdlaw.com)
> Adam L. Ross (aross@jmdlaw.com)
> JAMES, MCELROY & DIEHL, P.A.
> 600 South College Street
> Charlotte, North Carolina 28202
>
> Mitchell A. Stein, Esq. (iplawyer@kingofip.com)
> STEIN LAW, P.C.
> 24 Woodbine Avenue, Suite 4
> Northport, New York 11768
>
> Robert L. Burchette (rburchette@jahlaw.com)
> Johnston, Allison & Hord
> 1065 East Morehead St
> Charlotte, NC 28202

> /s J. Daniel Bishop
> ERWIN, BISHOP, CAPITANO & MOSS, P.A.
> J. Daniel Bishop (N.C. State Bar No. 17333)
> 4521 Sharon Road, Suite 350
> Charlotte, North Carolina 28211
> Phone: (704) 716-1200
> Facsimile: (704) 716-1201
> Dbishop@bcandm.com
>
> *Counsel for Defendant TaiDoc Technology Corp.*