UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-149-MOC

| | |
|---|---|
| DIAGNOSTIC SERVICES, INC., <br>       Plaintiff, <br> vs. <br><br> PHARMA SUPPLY, INC. et al. <br><br>       Defendants. | |
| DIAGNOSTIC SERVICES, INC. <br>       Plaintiff, <br> vs. <br><br> TAIDOC TECHNOLOGY CORPORATION, et al. <br><br>       Defendants. | **DEFENDANT TAIDOC'S** <br><br> **FIRST SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS** |

**CONTENTS**

False Advertising Under Lanham Act--Elements of Claim ............................................................ 2
Actual Damages (For Lanham Act Violation) ................................................................................ 4
Recovery of (Plaintiff's) Profits ....................................................................................................... 7

1

**False Advertising Under Lanham Act--Elements of Claim**[1]

Issue: "Did Plaintiff DDI engage in false advertising in violation of the Lanham Act?"

Defendant TaiDoc claims that Plaintiff DDI engaged in false advertising. To succeed on this claim, Defendant must prove five things by a preponderance of the evidence:

*TaiDoc contends that DDI marketed its meters as requiring only .6μ of blood for the test strip with a result time of 6 seconds and for an alternative (blood) test sites including the thigh, calf and upper arm. TaiDoc contends these representations were false as the meters required .7μ and had a response time of seven seconds. DDI denies that they were false statements.*

*TaiDoc further contends that by promoting the non-TaiDoc manufactured strips as being for use with TaiDoc meters, DDI false represented that the non-TaiDoc strips were FDA approved and approved by TaiDoc for use in TaiDoc meters.*

1. Defendant made a false or misleading statement of fact in a commercial advertisement about the nature, quality, characteristics or geographic origin of its own products or Defendant TaiDoc's products. A statement is misleading if it conveys a false impression and actually misleads a consumer. A statement can be misleading even if it is literally true or ambiguous.

2. The statement actually deceived or had the tendency to deceive a substantial segment of Defendant's audience.

3. The deception was likely to influence the purchasing decisions of consumers.

4. DDI caused the false statement to enter interstate commerce. A false statement enters interstate commerce if DDI's products are transferred, advertised or sold across state lines or if TaiDoc's products are transferred, advertised or sold across state lines and DDI's activities have a substantial effect on TaiDoc's business.

5. TaiDoc has been or is likely to be injured as a result of the false statement. Injury includes direct diversion of sales from itself to Plaintiff DDI, a loss of goodwill associated with its products.

If you find that Defendant TaiDoc has proved each of these things, then you must find for Defendant. If, on the other hand, you find that Plaintiff has failed to prove any one of these things, then you must find for Defendant.

---

[1] Modern Federal Jury Instructions-Civil, Copyright 2011, Matthew Bender & Company, Inc., a member of the LexisNexis Group. V PATTERN JURY INSTRUCTIONS 7 MANUAL MODEL JURY INSTRUCTIONS (CIVIL CASES) FOR THE DISTRICT COURTS OF THE SEVENTH CIRCUIT.

2

**Comments**

**1. Authority.** *See Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 819 (7th Cir. 1999)*; *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp., 168 F.3d 967, 971 (7th Cir. 1999)*. *See also 15 U.S.C. § 1125(a)(1)(B).*

**2. Inherent Quality or Characteristic.** *See Vidal Sassoon, Inc. v. Bristol-Myers Co., 661 F.2d 272, 278 (2d Cir. 1981).*

**3. Literally True or Ambiguous Statement.** If the case involves a statement that is alleged to be literally true or ambiguous yet conveys a false impression, the bracketed language at the end of paragraph No. 1 should be given. *Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 13 (7th Cir. 1992)* ("Section 43(a)(2) of the [Lanham] Act ... applies with equal force to (1) statements which are literally false and (2) statements which, while literally true or ambiguous, convey a false impression or are misleading in context, as demonstrated by actual consumer confusion.").

**4. Interstate Commerce.** *See 15 U.S.C. § 1127* (defining commerce as "all commerce which may lawfully be regulated by Congress."); *Jewel Cos. v. Jewel Merchandising Co., 201 U.S.P.Q. 24 (N.D. Ill. 1978)*; *Susan's, Inc. v. Thomas, 26 U.S.P.Q.2d 1804 (D. Kan. 1993)*. The Committee has proposed two relatively common alternative formulations; the instruction may need to be adapted to the particular case being tried. *See Berghoff Restaurant Co. v. Lewis W. Berghoff, Inc., 357 F.Supp. 127, 130 (N.D. Ill. 1973)* (plaintiff restaurant met interstate commerce standards in the Lanham Act *15 U.S.C. § 1127* because it "used its mark in interstate commerce by catering to a substantial number of interstate travelers, advertising in media which reach non-Illinois residents, and serving food from extra-state sources"); *Larry Harmon Pictures Corp. v. Williams Restaurant Corp., 929 F.2d 662, 665 (Fed. Cir. 1991)* (appellee's restaurant was involved in interstate commerce, and service mark for restaurant met commerce requirement for registration under Lanham Act § 3). The fourth paragraph may require modification if an unlisted type of interstate or foreign commerce is involved.

**5. Undisputed Elements.** This instruction should be modified to account for situations where facts are not in dispute or the element has been resolved as a matter of law. For example, if the parties do not dispute that the defendant caused the allegedly false statement to enter interstate commerce, the fourth element of the instruction does not need to be given.

3

**Actual Damages[2] (For Lanham Act Violation)**

To recover damages, Defendant TaiDoc must prove two things by a preponderance of the evidence:

1. Plaintiff DDI's infringement or false advertising caused actual confusion among consumers; and

2. As a result, Defendant TaiDoc sustained injury.

If you find that Plaintiff has proved these things, then you must consider what amount of money to award to Plaintiff as damages.

Damages consist of the amount of money required to compensate Plaintiff for the injury caused by Plaintiff DDI's infringement or false advertising. Defendant TaiDoc must prove its damages by a preponderance of the evidence.

You may consider the following types of damages:

- Defendant TaiDoc's lost profits on lost sales, which consists of the revenue Defendant TaiDoc would have earned but for DDI's *false advertising*, less the expenses Defendant would have sustained in earning those revenues.

---

[2] Modern Federal Jury Instructions-Civil. Copyright 2011, Matthew Bender & Company, Inc., a member of the LexisNexis Group. V PATTERN JURY INSTRUCTIONS; 7 MANUAL MODEL JURY INSTRUCTIONS (CIVIL CASES) FOR THE DISTRICT COURTS OF THE SEVENTH CIRCUIT.

4

**Comments**

  **1. Usage.** This instruction is drafted for use in infringement and false advertising cases, not dilution cases. As noted earlier, the Committee has not proposed an instruction for dilution under *15 U.S.C. § 1125(a)* due to significant recent amendments to the statute. The Committee likewise has not proposed an instruction defining the damages recoverable in dilution cases.


  **2. General Authority.** *See 15 U.S.C. § 1117(a)*; *Web Printing Controls Co., Inc. v. Oxy-Dry Corp., 906 F.2d 1202, 1204-1205 (7th Cir. 1990)* ("A plaintiff wishing to recover damages for a violation of the Lanham Act must prove the defendant's Lanham Act violation, that the violation caused actual confusion among consumers of the plaintiff's product, and, as a result, that the plaintiff suffered actual injury, i.e., a loss of sales, profits, or present value (goodwill)."); *Badger Meter, Inc. v. Grinnell Corp., 13 F.3d 1145, 1157 (7th Cir. 1994)* (the standard method for calculating plaintiff's recovery under Section 1117(a) "both allows the plaintiff to recover any damages it suffered on account of the infringement and also requires the defendant to disgorge any profits it gained from the infringement.").


  **3. Plaintiff's Lost Profits.** *See BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1092 (7th Cir. 1994)* ; *Borg-Warner Corp. v. York-Shipley, Inc., 293 F.2d 88 (7th Cir. 1961)* .


  **4. Lost Royalties.** *See Sands, Taylor & Wood v. Quaker Oats Co., 978 F.2d 947, 963 (7th Cir. 1992)* ; *Sands, Taylor & Wood v. Quaker Oats Co., 34 F.3d 1340, 1351 (7th Cir. 1994)* .


  **5. Loss of Goodwill.** *See Badger Meter, Inc. v. Grinnell Corp., 13 F.3d 1145, 1157 (7th Cir. 1994)* ; 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 2:15; *Meridian Mut. Ins. Co. v. Meridian Is. Group, 128 F.3d 1111, 1117 (7th Cir. 1997)* (defining goodwill); *Sands, Taylor & Wood v. Quaker Oats Co., 1990 U.S. Dist. LEXIS 17342 at \*29, 1990 WL 251914, \*9 (N.D. Ill. December 20, 1990)* (same). The committee was unable to locate any Seventh Circuit authority describing how lost goodwill is calculated, so it looked to cases from other circuits that have addressed this issue in other settings. *See Stewart & Stevenson Services, Inc. v. Pickard, 749 F.2d 635, 649 (11th Cir. 1984)* ("It is axiomatic that the measure of damage to business property, such as goodwill, is based on measurement of the difference in value of the property before and after the injury."); *South Port Marine, LLC v. Gulf Oil Limited Partnership, 234 F.3d 58, 67 (1st Cir. 2000)* ("South Port's goodwill loss is based upon a projected loss of value of the business after the spill. ... This loss could be calculated by discounting the estimated loss of future revenues to present value or, alternatively, by assessing the decrease in value of the business to

potential buyers after the spill repairs."). Because there may be more than one way to calculate the amount of lost goodwill, this portion of the instruction may need to be modified depending on the facts of a particular case.


 **6. Cost of Corrective Advertising.** *See Zazu Designs v. L'Oreal, S.A., 979 F.2d 499, 506 (7th Cir. 1992)* ; *Zelinski v. Columbia 300, Inc., 335 F.3d 633 (7th Cir. 2003)* ; *Otis Clapp & Son, Inc. v. Filmore Vitamin Company, 754 F.2d 738, 745 (7th Cir. 1985)* . The *Zazu* case indicates that corrective advertising damages cannot exceed the value of the mark. *Zazu, 979 F.2d at 506* . The Committee has not included this concept in the instruction but notes that in an appropriate case, it might be necessary to amend the instruction in this regard.


 **7. Other Factors.** The list of actual damages in this instruction is not meant to be exhaustive, and this instruction may need to be modified to reflect other types of damages claimed in a particular case or to ensure that no type of damages is duplicated.

**Recovery of (Plaintiff's) Profits**[3]

In addition to Defendant TaiDoc's damages, TaiDoc may recover the profits Plaintiff gained from the false advertising. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Plaintiff DDI received due to its use of the trademark, trade dress or false advertising.

Defendant TaiDoc is required only to prove Plaintiff DDI's gross revenue. Plaintiff is required to prove any expenses that it argues should be deducted in determining its profits.

Defendant TaiDoc is entitled to recover Plaintiff DDI's total profits from its use of the trademark, trade dress or false advertising, unless Plaintiff proves that a portion of the profit is due to factors other than use of the trademark, trade dress or false advertising.

---

[3] Modern Federal Jury Instructions-Civil; Copyright 2011, Matthew Bender & Company, Inc., a member of the LexisNexis Group. V PATTERN JURY INSTRUCTIONS; 7 MANUAL MODEL JURY INSTRUCTIONS (CIVIL CASES) FOR THE DISTRICT COURTS OF THE SEVENTH CIRCUIT.

**Comments**

**1. Authority.** *See 15 U.S.C. § 1117(a)*; *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1156-57 (7th Cir. 1994) ; *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1092 (7th Cir. 1994) (false advertising plaintiff may recover defendant's profits under *15 U.S.C. § 1117*).

**2. Apportionment of Profits.** *See Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07 (1942) ("The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.").

**3. No Double Recovery.** *See McCarthy on Trademarks and Unfair Competition* § 30:73 ("damages and profits cannot be awarded simultaneously if it would result in overcompensation."); *Polo Fashions, Inc. v. Extra Special Products, Inc.*, 208 U.S.P.Q. 421 (S.D.N.Y. 1980) (damages and profits may not be awarded together if based on the same sales).

DATED March 10, 2012          RYDER, LU, MAZZEO & KONIECZNY LLC

By:   /s Kao Lu
      Kao Lu, *pro hac vice*
      Frank A. Mazzeo, *pro hac vice*
      Bradley R. Slenn, *pro hac vice*
      808 Bethlehem Pike, Suite 200
      Colmar, PA 18915
      klu@ryderlu.com
      fmazzeo@ryderlu.com
      bslenn@ryderlu.com

      ERWIN, BISHOP, CAPITANO & MOSS, P.A.
      J. Daniel Bishop (N.C. State Bar No. 17333)
      Joseph W. Moss, Jr. (N.C. State Bar No. 20236)
      4521 Sharon Road, Suite 350
      Charlotte, North Carolina 28211
      Phone: (704) 716-1200
      Facsimile: (704) 716-1201
      Dbishop@bcandm.com

8

*Counsel for Defendant TaiDoc Technology Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2012, I electronically filed this PROPOSED JURY INSTRUCTIONS using the CM/ECF system which will send notification of such filing to the following:

>Richard B. Fennell (rfennell@jmdlaw.com)
>Jared E. Gardner (jgardner@jmdlaw.com)
>Adam L. Ross (aross@jmdlaw.com)
>JAMES, MCELROY & DIEHL, P.A.
>600 South College Street
>Charlotte, North Carolina 28202
>
>Mitchell A. Stein, Esq. (iplawyer@kingofip.com)
>STEIN LAW, P.C.
>24 Woodbine Avenue, Suite 4
>Northport, New York 11768
>
>Robert L. Burchette (rburchette@jahlaw.com)
>Johnston, Allison & Hord
>1065 East Morehead St
>Charlotte, NC 28202

>/s J. Daniel Bishop
>ERWIN, BISHOP, CAPITANO & MOSS, P.A.
>J. Daniel Bishop (N.C. State Bar No. 17333)
>4521 Sharon Road, Suite 350
>Charlotte, North Carolina 28211
>Phone: (704) 716-1200
>Facsimile: (704) 716-1201
>Dbishop@bcandm.com
>
>*Counsel for Defendant TaiDoc Technology Corp.*