UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DIAGNOSTIC DEVICES, INC.; <br> Plaintiff, <br> vs. <br> PHARMA SUPPLY, INC., et al <br> Defendants. | **CASE NO.: 3:08-CV-00149-MOC-DCK** |
| DIAGNOSTIC DEVICES, INC.; <br> Plaintiff, <br> vs. <br> TAIDOC TECHNOLOGY, CORPORATION, <br> Defendant. | **CASE NO.: 3:08-CV-00559-MOC-DCK** |

**DEFENDANT TAIDOC'S MOTION TO BIFURCATE**

Pursuant to Rules 42(b) of the Federal Rules of Evidence, and applicable federal case law, Defendant TaiDoc Technology Corporation ("TaiDoc") hereby move to bifurcate the issues of liability and damages to be tried separately in furtherance of convenience, to avoid prejudice and to be conducive to expedition and judicial economy. In support of this motion, TaiDoc respectfully submitted the supporting brief below to outline the underlying legal foundation and facts in favor of this motion.

1

Dated: March 11, 2012

RYDER, LU, MAZZEO & KONIECZNY LLC
/BradleyRSlenn/
Kao Lu, *pro hac vice*
Frank A. Mazzeo, *pro hac vice*
Bradley R. Slenn, *pro hac vice*
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
klu@ryderlu.com
fmazzeo@ryderlu.com
bslenn@ryderlu.com



ERWIN, BISHOP, CAPITANO & MOSS, P.A.

J. Daniel Bishop (N.C. State Bar No. 17333)
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Phone: (704) 716-1200
Facsimile: (704) 716-1201
dbishop@ebcm.com

*Counsel for Defendant TaiDoc Technology Corp.*

# DEFENDANT TAIDOC'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS MOTION TO BIFURCATE

Defendant TaiDoc Technology Corp. ("TaiDoc"), by and through undersigned counsel, respectfully submits its Memorandum of Law in support of its Motion to Bifurcate.

Fed.R.Civ.P. 42(b) allows a trial court to order separate trials of any number of issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The Western District of North Carolina Court has granted bifurcating motions for case involving "complex issues, but any overlap between questions of liability and damages, and the resulting duplication of some evidence, appears minimal as well as outweighed by interests of convenience and economy in resolving in a separate trial issues of patent validity, enforceability, infringement, and issues of the affirmative defenses of laches and estoppel." *See White Chemical Corp. v. Walsh Chemical Corp.*, 116 F.R.D. 580 (W.D.N.C. 1987).

In bifurcating the issues of liability and damages pursuant to Fed.R.Civ.P. 42(b), the Court primarily considers the difficulty and expense involved in the damage stage, the case and convenience in severing the damages from the liability stage, the possibility of avoiding the damage stage altogether, and the likelihood of settlement should liability be found and the resulting saving of time and expense to the parties and the Court. See *Swofford v. B & W, Inc.,* 34 F.R.D. 15 (S.D.Tex.1963), *aff'd,* 336 F.2d 406 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965).

Court may also consider additional factors affecting bifurcating: (1) overlap between issues; (2) overlap of witnesses and documentary evidence; (3) discovery posture; (4) whether a jury trial is involved; and (5) the degree of prejudice, if any, to the party opposing bifurcation. *See White Chemical Corp. 1116 F.R.D.581 citing Slater Electric Inc. v. Indian Head, Inc.,* 223 U.S.P.Q. 729 at 730–31.

Bifurcation of trial for the instant case is appropriate because there is little overlap with issues of liability and issues of damages in this case. Furthermore, with the parties having various claims against each other, bifurcation would allow the jury to only have to consider liability issues at first and may reduce the likelihood of jury confusion.

The damages aspects of this case also have the potential to unfairly prejudice TaiDoc during the jury's consideration of liability issues. First, in this case, the jury will see that DDI is claiming an extremely high amount of damages. However, DDI has produced little with respect to underlying proof or identifiable witnesses to substantiate its claims. Also, during its consideration of liability issues, the jury will see that DDI has a damages expert while TaiDoc does not. This situation has occurred because TaiDoc's expert witness on the damage issue is unable to travel to the present trial due to illness.

Finally, depending on the result of the liability phase, it is possible the case may not even need to proceed to a damages phase. Therefore, bifurcation could greatly increase judicial expediency and save valuable sources for the Court and the parties.

For the above considerations, TaiDoc respectfully moves the Court to bifurcate the trial.

Dated: March 11, 2012

RYDER, LU, MAZZEO & KONIECZNY LLC
/FrankAMazzeo/
Kao Lu, *pro hac vice*
Frank A. Mazzeo, *pro hac vice*
Bradley R. Slenn, *pro hac vice*
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
klu@ryderlu.com
fmazzeo@ryderlu.com
bslenn@ryderlu.com

ERWIN, BISHOP, CAPITANO & MOSS,
P.A.

J. Daniel Bishop (N.C. State Bar No. 17333)
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Phone: (704) 716-1200
Facsimile: (704) 716-1201
dbishop@ebcm.com

*Counsel for Defendant TaiDoc Technology Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2012, I electronically filed this **MOTION TO BIFURCATE** using the CM/ECF system which will send notification of such filing to the following:

>Richard B. Fennell (rfennell@jmdlaw.com)
>Jared E. Gardner (jgardner@jmdlaw.com)
>Adam L. Ross (aross@jmdlaw.com)
>JAMES, MCELROY & DIEHL, P.A.
>600 South College Street
>Charlotte, North Carolina 28202
>
>Mitchell A. Stein, Esq. (iplawyer@kingofip.com)
>STEIN LAW, P.C.
>24 Woodbine Avenue, Suite 4
>Northport, New York 11768
>
>Robert L. Burchette (rburchette@jahlaw.com)
>Johnston, Allison & Hord
>1065 East Morehead St
>Charlotte, NC 28202

/FrankAMazzeo/

*Counsel for Defendant TaiDoc Technology Corp.*